[No. 12907. Department Two. December 3, 1915.]

S. N. DAUGHERTY et al., Appellants, v. GEORGE GUNTHER
et al., Respondents.[1]

LIENS—LABOR LIENS—SURVEYORS—"IMPROVES." A civil engineer
is not entitled to a lien upon lands for surveying and placing stakes
and monuments in platting the land, under Rem. & Bal. Code, § 1131,
giving a lien upon lands to one who clears, grades, fills in or "other-
wise improves" the same.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered February 8, 1915, upon sustain-
ing a demurrer to the complaint, dismissing an action to fore-
close a mechanics' lien. Affirmed.

S. S. Langland, for appellants.

BAUSMAN, J.—Plaintiffs' complaint sought to foreclose an
asserted lien on lands for "surveying, placing stakes and
monuments, and figuring out distances for the platting of
said real estate." A demurrer being sustained, they elected
to stand on their complaint and have appealed.

This lien is claimed under the grader's statute, which gives
a lien on realty to him who "clears, grades, fills in or other-
wise improves the same, or any street or road in front of, or
adjoining the same." Rem. & Bal. Code, § 1131 (P. C. 309
§ 59).

The decision of the lower court was correct. We incline,
to be sure, and are required, to give lien laws a liberal inter-
pretation, and this we do. But in the present instance we
are asked to go too far. A civil engineer is clearly not within
this statute. He is not within the clause "otherwise improves
the same."

We may add that it was not alleged that this surveying and
staking was even part of any subsequent construction or
grading, or that anything followed to make it useful. Under

[1]Reported in 153 Pac. 336.

the building lien law, we did allow architects a lien (*Gould v. McCormick*, 75 Wash. 61, 134 Pac. 676, Ann. Cas. 1915 A. 710, 47 L. R. A. [N. S.] 765) for plans of the building actually constructed, denying it to them in *Lipscomb v. Exchange Nat. Bank of Spokane*, 80 Wash. 296, 141 Pac. 686, because the structure in that case had never been erected.

To give to mere staking and running of lines a lienable interest in lands, is beyond the statute.

Judgment affirmed.

MORRIS, C. J., MAIN, PARKER, and HOLCOMB, JJ., concur.