[No. 28542. *En Banc.* January 29, 1942.]

LYDIA C. O'NEIL, *Respondent,* v. THE DEPARTMENT OF
SOCIAL SECURITY, *Appellant.*[1]

*The Attorney General, Phil H. Gallagher* and *R. C.
Finley, Assistants,* and *Pat Guimont,* for appellant.

*Ralph L. J. Armstrong,* for respondent.

*Laube & Laughlin, Patrick A. Geraghty,* and *Lionel E.
Wolff, amici curiae.*

MAIN, J.—This is an appeal from the judgment of the
superior court reversing an order of the state depart-
ment of social security. January 9, 1941, one Lydia C.
O'Neil, who was a recipient of an old-age assistance
grant, requested authorization from the administrator
of the Thurston county welfare department for optical
care, to be rendered by a licensed optometrist. This
request was denied, and the applicant appealed to the
department of social security. That department like-
wise denied the request, from which the applicant ap-
pealed to the superior court. The trial in that court
resulted in findings of fact and conclusions which sus-

[1]Reported in 121 P. (2d) 396.

tained the application. From the judgment reversing the order of the department of social security, that department appealed.

There is no difference, in principle, between this case and the case of *Martin v. Department of Social Security, ante* p. 329, 121 P. (2d) 394, just decided. That case was one asking for sanipractic treatment, while this one is requesting treatment by a licensed optometrist. That case is controlling upon this appeal.

The attorney's fee in this. case is fixed in the sum of one hundred and fifty dollars.

The judgment will be affirmed.

ROBINSON, C. J., BEALS, BLAKE, JEFFERS, and DRIVER, JJ., concur.

STEINERT, J. (concurring)—For the reasons stated in the case of *Martin v. Department of Social Security, ante* p. 329, I think that the amount of the attorney's fee to be allowed should be fixed at five hundred dollars.

MILLARD and SIMPSON, JJ., concur with STEINERT, J.