[No. 32387.   Department Two.   August 31, 1953.]

HANS HAUGEN *et al., Respondents,* v. KENNETH RAUPACH *et al., Appellants,* RALPH A. TENHONEN, *Respondent.*[1]

[1]Reported in 260 P. (2d) 340.

*Thos. A. E. Lally* and *Dressel & Lehan,* for appellants.

*Wilmot W. Garvin,* for respondents Haugen.

*Thomas F. Curran* and *Hennessey & Curran,* for respondent Tenhonen.

GRADY, C. J.—This action was brought by respondents to recover a judgment against appellants for a balance claimed to be owing on a building construction contract and to foreclose a contractor's lien. A subcontractor intervened in the action, seeking judgment against respondents and appellants and the foreclosure of a lien filed by him. Appellants answered the amended complaint by denials and a cross-complaint alleging noncompliance with the contract in seventy-three different particulars, for which they claimed damages. The answer to the complaint in intervention denied many of its allegations, and pleaded as affirmative defenses a noncompliance with the contract in thirteen different particulars and the execution by intervener of a release of his lien rights.

At the close of respondents' and intervener's cases, appellants moved for a dismissal of both actions. The basis for the motion directed to the case of respondents was that the amended complaint failed to state a cause of action, in that

it did not allege that they had secured the certificate of completion of the contract from the architect as provided therein or facts constituting an excuse for a failure to do so; also, that no proof had been submitted by respondents that they had requested such a certificate and the request had been refused. Appellants relied upon the release of lien rights by the intervener to support their motion to dismiss his action.

The court denied the motions to dismiss. Appellants elected to stand on the record and submitted no evidence in support of their affirmative defenses and counterclaim. The court made findings of fact and conclusions of law. Judgment for the amounts found owing to respondents and intervener, respectively, was entered and the liens were ordered to be foreclosed.

The assignments of error directed to certain findings of fact and rulings of the court present two questions—(1) whether the court properly decided that respondents were not required to obtain a certificate of completion from the architect because of the acts and conduct of appellants and their agent, and (2) whether the court was justified in holding that the release of lien executed by the intervener was invalid for want of consideration.

The amended complaint, which had a copy of the contract attached and made a part thereof, did not allege either that respondents obtained a certificate of completion from the architect or any facts from which it would follow their failure to do so was excused. The amended complaint was vulnerable to a general demurrer. *Lindblom v. Mayar,* 81 Wash. 350, 142 Pac. 695.

No attack was made on the amended complaint by a demurrer. Appellants were content to withhold objection to the complaint until respondents rested their case. The court met the situation by applying the often-repeated rules that on a motion for a nonsuit the complaint would be treated as amended to conform to the proof; that the evidence submitted by the plaintiff would be viewed in a light most favorable to him and would be aided by all reasonable

inferences properly to be drawn from such evidence. The court considered the amended complaint as further amended by the proof to allege facts constituting an excuse for not obtaining the certificate of completion and denied the motion. The court concluded there was evidence in the record establishing that no consideration moved from appellants to intervener to support the release of the lien on their property.

When expressing his views on the motions to dismiss, the trial judge indicated they might be changed by evidence to be submitted by appellants with reference to either or both questions raised. He stated that he must decide the questions raised on the record as it then stood. The trial judge very plainly invited appellants to submit any controverting evidence they possessed, but, after an overnight recess of the court, appellants elected to stand on the record as made by respondents' case. The court then considered and weighed the evidence and found and concluded that appellants and their agent made it impossible for respondents to secure a certificate of completion of the contract and that it would have been a futile act to have demanded such a certificate from the architect. The court was inclined to the view that the release of intervener's lien was supported by a consideration, but concluded otherwise when making and entering findings of fact and judgment.

The evidence upon which the court decided that respondents were entitled to recover the balance owing to them by appellants without having obtained a completion certificate was to the effect that there had been a substantial compliance with the contract by respondents, with the exception of certain items for which appellants could be compensated by way of offset; that, almost from the inception of the performance of the contract, respondents were harassed with objections and demands made by appellants that were trivial, unreasonable, and capricious; that, when the dwelling house was completed, the architect was of the opinion that there had been a substantial performance of the contract, but at the instance of appellants made written

objections to the work done so that it was made plain that no certificate would be issued by him. The objections and claims with many others were set forth in the counterclaim made in the answer of appellants, but they were abandoned at the trial. The evidence submitted was sufficient to support the conclusions that the failure to obtain the certificate of completion was excused.

The rule with reference to obtaining the certificate of an architect, engineer, or other third person, when required by contract, does not apply if it is made to appear that the owner or contractee without sufficient justification therefor causes the certificate to be withheld. In such a case, the contractor is excused from the necessity of obtaining the certificate. If the architect is satisfied that there has been a substantial performance of the contract, it then becomes his duty to issue the certificate of completion, and if he does not do so, his conduct is regarded as arbitrary and capricious. If the architect is in collusion with his principal, or yields to his opposition to the issuance of the certificate when such opposition is not justified, then in such cases the contractor has a legal excuse for not obtaining the certificate as a condition precedent to recovering on his contract. The rule and exceptions are discussed in *Lindblom v. Mayar*, 81 Wash. 350, 142 Pac. 695, and cases cited in the opinion. Attention has not been called to any of our cases discussing interference by the owner, but such question has been considered in 9 Am. Jur. 29, § 39; 3 Williston on Contracts (Rev. ed.) pp. 1953 and 2235, §§ 677 and 794; 1 Restatement of the Law, Contracts, 448, § 303 (b), (c). Many cases are cited in the notes. A leading case on the subject is *Halsey v. Waukesha Springs Sanitarium*, 125 Wis. 311, 104 N. W. 94.

We are in accord with the final conclusion of the court that the release of the lien executed by the intervener was without consideration in so far as appellants were concerned. It appears from the record that respondents found it necessary to have a release of the lien in order to secure further payment by appellants on the contract, and for this purpose only the release was executed. The intervener had

money coming on his subcontract from respondents, and his lien secured the indebtedness. A release of the lien could be effective only upon acceptance by the intervener of consideration from respondents in satisfaction of the indebtedness owing or by consideration moving from appellants to intervener. Neither event took place; hence, the release was not effective, and the court did not err in directing the foreclosure of intervener's lien.

Pending the appeal, respondents filed a motion for an order allowing attorneys' fees on appeal in the sum of $750. The affidavit in support of the motion states that a similar application was made to the superior court, but the court denied the motion on the ground that it had lost jurisdiction of the cause when the appeal was taken. The motion was placed upon our motion calendar, but by order we advanced it to the time of hearing the case on appeal. Respondents rely in support of their motion upon RCW 60-.04.130, the last sentence of which is as follows:

"The court may allow, as part of the costs, the filing or recording fees of the claimant, and a reasonable attorney's fee in the superior and supreme courts."

■ Respondents make reference to the rule pronounced by us in *Flint v. Bronson*, 197 Wash. 686, 86 P. (2d) 218, and *Standard Lbr. Co. v. Fields*, 29 Wn. (2d) 327, 187 P. (2d) 283, 175 A. L. R. 309, that the question of attorney's fee on appeal to the supreme court must be determined by the trial court, and that this court will not allow an independent attorney's fee on appeal. We are asked to overrule these cases and construe the statute as investing jurisdiction in the supreme court to make such an award. We are satisfied with the construction we have heretofore placed upon the statute. If the trial court refused to consider the question of an allowance of attorney's fee upon appeal upon the ground that it was without jurisdiction so to do, it was in error. The question of attorney's fee in the supreme court cannot arise unless and until an appeal is taken, and it must therefore follow that the trial court retains jurisdiction to fix and determine an attorney's fee if it considers such an award should be made.

The judgment is affirmed, but the cause is remanded to the trial court to determine the question of an attorney's fee on appeal.

SCHWELLENBACH, HAMLEY, DONWORTH, and FINLEY, JJ., concur.