[No. 37-40253-1.    Division One.    December 31, 1969.]
Panel 2

ERNEST BRANDT, *Respondent,* v. GEORGE IMPERO *et al., Appellants.*

Asmundson, Rhea & Atwood and David E. Rhea, for appellants.

Allen, DeGarmo & Leedy and Bruce T. Rinker, for respondent.

Horowitz, A. C. J.—Plaintiff, formerly employed by the defendants, sued for unpaid wages for the years 1961 to 1964, inclusive, and for double damages and reasonable attorneys' fees. RCW 49.52.070; RCW 49.52.050; RCW 49.52.080.[1] The trial court, sitting without a jury, granted plaintiff judgment for unpaid wages, double damages and

---

[1] "Any employer . . . who

" . . .

"(2) Wilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract; or

"(3) Shall wilfully make or cause another to make any false entry in any employer's books or records purporting to show the payment of more wages to an employee than such employee received; or

" . . .

"Shall be guilty of a misdemeanor." (RCW 49.52.050)

"Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of subdivisions (1) and (2) of RCW 49.52.050 shall be liable in a civil action by the aggrieved employee . . . to judgment for twice the amount of the wages unlawfully . . . withheld by way of exemplary damages,

attorneys' fees. Defendants appeal. Judgment for unpaid wages has been paid, leaving for review only the judgment for double damages and attorneys' fees.

The court found that plaintiff was employed as a logger by defendants during 1961-1964 for an agreed compensation of $25 per day; and that during that period defendants "wilfully refused and with intent to deprive plaintiff, failed to pay him the said sum of $2887.10"; that the defendants filed false and erroneous records; i.e., 1964 and 1965 W-2 forms required by law to be filed with the Internal Revenue Service of the United States Government "which raises a presumption of their wilfulness respecting underpayment"; that defendants were at all times able to pay the plaintiff the amounts due him; and that there was never any real controversy as to the amounts due except with respect to the year 1961.

Defendants contend that there was no substantial evidence to support the court's findings; that on the contrary the uncontradicted evidence shows that the failure to pay wages was not with the intention of depriving the plaintiff of any part of his wages, but due to the defendants' economic reverses, financial inability and uncertainty as to the amount because of scattered records concerning the wages due. In our opinion, there was substantial evidence to support the court's findings. The evidence showed that the defendants paid wages to the plaintiff during each of the years in question but allowed a substantial portion to accumulate unpaid for the years 1961, 1962 and 1964. There was sufficient evidence to show that the defendants made no genuine effort to keep a proper record of their payroll account with the plaintiff or to determine by audit the correct amount of the wages owing. As a consequence, de-

---

together with costs of suit and a reasonable sum for attorney's fees. . . . " (RCW 49.52.070)

"The violations by an employer or any officer, vice principal, or agent of any employer of any of the provisions of subdivisions (3), (4), and (5) of RCW 49.52.050 shall raise a presumption that any deduction from or underpayment of any employee's wages connected with such violation was wilful." (RCW 49.52.080)

fendants filed false and erroneous W-2 forms by overstating plaintiff's wages paid during the years 1964 and 1965. Indeed, the evidence warranted a finding that there was never any real controversy as to the amounts due except as to the sum of $218 in 1961. With respect to financial inability to pay, the evidence showed that the defendants had assets from which to pay all unpaid wages. Defendants failed to offer evidence of their assets and liabilities for the period 1961 to 1964 or thereafter. The only income tax returns offered in evidence in support of the defendants' claimed inability to pay was the 1965 income tax return— an inadequate showing of inability to pay. There was also evidence that the defendant husband had on occasion borrowed sums from the Great Western Lumber Company for whom he had been logging. He offered no evidence that he could not continue to borrow funds for the purpose of paying the plaintiff.

From the foregoing and other evidence in the record, coupled with evidence of long and unnecessary delay in paying plaintiff, the court had a right to find that the nonpayment was more than mere carelessness and was actually made with the intent of depriving the employee of contractually agreed upon wages. The record below contains substantial evidence to support the court's findings and conclusions, awarding exemplary damages and attorneys' fees. In *Davis v. Morris,* 37 Cal. App. 2d 269, 99 P.2d 345 (1940) the court pointed out that the word "wilful" in a statute such as that here involved, means merely that the "person knows what he is doing, intends to do what he is doing, and is a free agent."

We do not determine, because unnecessary, whether the judgment is sustainable on additional grounds (RCW 49.52.050(4), 49.52.080) nor do we pass upon defendants' suggestion that the judgment is erroneous because in a sum exceeding the prayer of the complaint. The claim of error was not raised below and is therefore not considered on appeal. *Reed v. Streib,* 65 Wn.2d 700, 399 P.2d 338. Furthermore, defendants have presented no argument with

respect to this item nor cited authorities in support thereof, and the court will accordingly not consider it. *Johnson Serv. Co. v. Roush*, 57 Wn.2d 80, 355 P.2d 815 (1960).

Plaintiffs, relying on RCW 49.52.070, move this court for an allowance of attorneys' fees for legal services rendered on this appeal in addition to attorneys' fees of $750 allowed for legal services in the trial court. Two questions are presented: (1) whether the statute permits attorneys' fees to be allowed to a prevailing plaintiff on appeal, and (2) the mechanism of allowance. A statute or agreement may make express provision for the allowance of attorneys' fees for services on appeal (*e.g.* RCW 60.04.130) or it may do so impliedly in an effort to fulfill legislative or contractual intention, as the case may be (RCW 4.84.020; *Puget Sound Mut. Sav. Bank v. Lillions*, 50 Wn.2d 799, 314 P.2d 935 (1957); *Corinthian Corp. v. White & Bollard, Inc.*, 74 Wn.2d 50, 442 P.2d 950 (1968)).

In seeking to ascertain the reach of the words "attorneys' fees" in RCW 49.52.070, we remember that the statute should be liberally construed in conformity with its intent and purpose to advance the remedy provided by the act. See *Peet v. Mills*, 76 Wash. 437, 136 P. 685 (1913); *Alderwood Water Dist. v. Pope & Talbot, Inc.*, 62 Wn.2d 319, 382 P.2d 639 (1963); *Bowen v. Statewide City Emp. Retirement Sys.*, 72 Wn.2d 397, 402, 433 P.2d 150 (1967). Wage amounts wrongfully withheld may be small. The provision for attorneys' fees was undoubtedly intended to prevent the wrongful withholding of wages and to provide a remedy thought adequate for that purpose. If the remedy to recover unpaid wages intentionally withheld were limited to the recovery of costs and attorneys' fees for services rendered in the trial court, such a remedy might well have what has been called in another context a "chilling effect" upon resort to the statutory remedy provided. A plaintiff wage earner, faced with the prospect of paying his attorneys' fee in the event of an appeal, would be discouraged from seeking the statutory remedy to recover what was rightfully his. In our opinion the legislative intent and

policy embodied in RCW 49.52.070 would be best carried out by construing "attorneys' fees" to include the recovery of attorneys' fees on appeal.

Under what is now RCW 60.04.130, the Supreme Court has held that an attorney's fee allowance for services on appeal should be made by the superior court at the original trial. *Standard Lumber Co. v. Fields,* 29 Wn.2d 327, 187 P.2d 283, 175 A.L.R. 309 (1947). However, in *Haugen v. Raupach,* 43 Wn.2d 147, 260 P.2d 340 (1953), the court held that the trial court retains jurisdiction to allow an attorney's fee for legal services on appeal after the appeal has been taken and the case remanded. In *Hopkins v. Ulvestad,* 46 Wn.2d 514, 282 P.2d 806 (1955), a lien foreclosure case, the Supreme Court declined to fix an attorney's fee for services on appeal on the ground that jurisdiction so to do was in the superior court, and held that the superior court had jurisdiction to fix the attorney's fee on appeal, notwithstanding the pendency of the appeal. The Supreme Court has, however, without taking additional evidence, itself fixed and allowed attorney's fees for services on appeal in *Corinthian Corp. v. White & Bollard, Inc., supra,* and in cases involving initiative measure No. 141 which expressly authorizes the allowance of attorneys' fees in both superior and supreme courts. (Laws of 1941, ch. 1, § 9). *Martin v. Department of Social Security,* 12 Wn.2d 329, 121 P.2d 394 (1942); *O'Neil v. Department of Social Security,* 12 Wn.2d 334, 121 P.2d 396 (1942).

In our opinion, an appellate court has inherent jurisdiction to fix attorneys' fees for services on appeal when allowable by contract or statute. If the court has reason to believe from matters called to its attention that special services have been rendered requiring the taking of evidence as to the reasonableness of the fee to be allowed, the appellate court may remand the case to the superior court for the purpose of fixing such fee. In so holding we do not mean to derogate from the holding of *Hopkins v. Ulvestad, supra.* In this case we are able to determine what the reasonable allowance should be.

Judgment is affirmed with direction to allow plaintiff an additional sum of $500 for attorneys' fees on appeal, together with statutory costs.

UTTER and STAFFORD, JJ., concur.