[No. 41999.    En Banc.    June 22, 1972.]

WENATCHEE FEDERAL SAVINGS AND LOAN ASSOCIATION, *Respondent,* v. MISSION RIDGE ESTATES *et al., Defendants,* CLARK, COLEMAN & RUPEIKS, INC., *et al., Appellants.*

*Allen Land Carr* (of *Clodfelter, Lindell & Carr*), for appellants.

*Davis, Arneil, Dorsey & Kight* and *James Arneil,* for respondent.

STAFFORD, J.—Mission Ridge Estates (Mission) is a limited partnership formed to develop a planned unit of condominiums on parcels of land designated A, B, B-1, B-2, C, D, E-1, E-2 and F. On November 7, 1969, Delta Engineering, Inc. (Delta) commenced work for Mission on the engineering aspect thereof. Delta's services terminated on May 15, 1970. Upon failing to receive payment, Delta filed, on July 24, 1970, a timely "notice of lien for engineering services" pursuant to RCW 60.48.010, *et seq.,* claiming that on November 7, 1969, they had "commenced to survey, establish and mark the boundaries of, prepare maps, plans and specifications for the improvement of, and do other engineering work" for engineering services that terminated May 15, 1970. The lien for $14,533.11 covered all of the parcels of land.

The findings of fact indicate that during the last week of October 1969, Val Rupeiks, d/b/a Clark, Coleman and Rupeiks; Clark, Coleman and Rupeiks, a partnership; as well as Clark, Coleman and Rupeiks, Inc. (hereinafter referred to as appellants) commenced work for Mission on the land use planning aspect of the development. Upon failing to receive payment, appellants filed a "notice of claim of lien of laborer or material man," claiming that they "commenced to perform labor upon (or to furnish material to be used upon) that certain building or structure consisting of a condominium development situated upon the following described land . . ." The lien also provides that "The performance of . . . labor (or the furnishing of . . . material) ceased on the 1st day of June, 1970." It states that the "said labor performed, (or material furnished) was of the value of Twenty Thousand two hundred ten and 18/100 ............... Dollars." It then continues: "For which labor

(or material) the claimant . . . claims a lien upon the property herein described and the buildings situated thereon" in the above stated sum. The property involved included all parcels except B-1 and B-2. The claim of lien was filed August 27, 1970.

In February of 1970, Wenatchee Federal Savings and Loan Association (respondent) loaned $150,000 to Mission, secured by a note and mortgage on parcels A and B. The mortgage was recorded on February 17, 1970, and re-recorded on February 24.

On June 1, 1970, Mission defaulted in its payments on the note and respondent brought this action to foreclose the mortgage naming Delta and appellants as defendants. Delta asserted its lien as a prior encumbrance, dating from the commencement of engineering services in November 1969, and cross-complained for foreclosure of its lien. Appellants, on the other hand, merely entered a general denial to respondent's allegation that appellants' claim of lien was inferior to respondent's mortgage. They neither asserted that their claim of lien was an encumbrance prior in time to respondent's mortgage nor cross-complained seeking foreclosure thereof.

The trial court entered an order of default against Mission and all other parties, with the exception of Delta and appellants. The priority of claims asserted by respondent, Delta and appellants was reserved for further determination.

Thereafter, the trial court ruled that Delta's claim of lien for "engineering services" had priority over respondent's mortgage and ordered foreclosure of Delta's lien. The trial court also ruled that appellants' "notice of claim of lien of laborer or material man" had been filed for services not lienable under RCW 60.04.010, *et seq.*, and that it created no lien under other statutes. Respondent's mortgage was ordered foreclosed as second only to Delta's claim of lien.

Mission's property was ordered sold. Respondent was the sole bidder. Sufficient funds were obtained to satisfy, in

full, Delta's claim of lien for "engineering services" and respondent's note.

Appellants seek relief from the judgment and decree of foreclosure that denied the lien claimed under their "notice of claim of lien of laborer or material man." ·

Appellants contend the trial court erred by finding that their notice of claim of lien was for services not lienable under RCW 60.04.010 and that it created no lien under other statutes. Error is also assigned to the related conclusion of law as well as to the judgment and decree of foreclosure that failed to recognize their possession of a valid and subsisting lien.

The basic issue is whether appellants' "notice of claim of lien of laborer or material man" set forth in the *form* provided by RCW 60.04.060 was sufficient to constitute a lien under chapter 60.48 which creates a lien for

Any person who at the request of the owner of any real property, or his duly authorized agent, surveys, establishes or marks the boundaries of, or prepares maps, plans or specifications for the improvement of such real property, or does any other engineering work upon such real property . . .

This is a case of first impression.

The trial court found that appellants' services consisted of "land use planning and development", Based thereon, they argue that their lien was actually filed pursuant to chapter 60.48. They assert that chapter 60.48 provides no method for the filing of notices of claims of lien or for the foreclosing thereof. It provides only that liens created thereunder "shall be established by notice filed and shall be foreclosed in the manner as is now provided by law for the establishment and foreclosure of liens upon real estate for clearing, grading or otherwise improving the same." RCW 60.48.020. This, they say, requires reference to RCW 60.04.040. To this extent we agree.

Next, appellants argue that inasmuch as RCW 60.04.040 provides no form by means of which one may establish a claim of lien, one claiming thereunder must use the statu-

tory form provided in RCW 60.04.060. They urge further, that since RCW 60.04.060 provides the statutory lien form to be used for RCW 60.04.040, one must also use that form when proceeding to claim a lien for "engineering services" under RCW 60.48.020. They assert that under the form provided in RCW 60.04.060 there is no need for particularization of services rendered.

Appellants also contend that since chapter 60.48 provides no form for the establishment of liens for "engineering services" the statute would be unworkable without adoption of the form provided in RCW 60.04.060.

■ We do not agree. Although chapter 60.48 provides no specific lien form, the lack thereof does not mean that the lien provided therein is unusable. A review of other statutes indicates that many liens are authorized and deemed enforceable without first having provided a statutory form or otherwise having specified with exactness the content of a form. In this regard attention is directed to chapter 60.40 (lien for attorney's fees); chapter 60.60 (lien for transportation, storage, advancements, etc.); chapter 60.64 (lien for hotels, lodging and boarding houses—1915 act); and chapter 60.66 (lien for hotels, lodging and boarding houses—1890 act).

Without question one claiming a lien for "engineering services" under chapter 60.48 is required by RCW 60.48.020 to refer to RCW 60.04.040. The reference is made, however, for the limited purposes set forth in RCW 60.48.020. That is, it is made only for (1) the specific purpose of determining the manner of establishing the lien by *filing* the notice (*i.e.* the *procedural* steps necessary to perfect the lien), and (2) for a designation of the manner in which the lien is to be *foreclosed.* In neither case, however, does chapter 60.48 suggest that RCW 60.48.020's reference to RCW 60.04.040 also authorizes use of the broad nonspecific statutory form of lien claim contained in RCW 60.04.060. Nor does chapter 60.48 suggest that the statement that labor has been performed or materials delivered to the site (authorized by

RCW 60.04.010 and .060) is sufficient notice that "engineering services" have been performed under chapter 60.48.

Our interpretation of RCW 60.48.010 and .020 is entirely consistent with RCW 60.04.010, *et seq.* RCW 60.04.060 *specifically eliminates* any need to itemize or particularize the services rendered or material furnished other than as "labor", "materials" or "equipment supplied", whereas RCW 60.48.010 neither eliminates specificity nor authorizes the broad nonspecific listing permitted in RCW 60.04.060. On the contrary, RCW 60.48.010 specifies with *particularity* those items for which a lien for engineering services will be authorized.

One attempting to assert a lien for a specialized type of service under chapter 60.48 must assert the nature of that service as specified therein. A claim of lien for engineering services filed in the general nonspecific form authorized by RCW 60.04.060 is insufficient.

As indicated previously, the trial court found that appellants had performed "land use planning and development services". This finding has not been assigned as error and, thus, must be accepted as a verity. ROA I-42(g)(iii); ROA I-43; *Martin v. Clinton,* 67 Wn.2d 608, 408 P.2d 895 (1965). The trial court concluded that such services were not covered by RCW 60.04.010, *et seq.*, which covers laborer and materialmen's liens as well as liens for the improvement of real property. A review of RCW 60.04.010 and .040 reveals that the trial court was correct. Of the specifically enumerated items listed as lienable under chapter 60.48, none appears to be lienable under RCW 60.04.040, which gives a lien upon lands to one who clears, grades, fills or otherwise improves the same. *Daugherty v. Gunther,* 88 Wash. 378, 153 P. 336 (1915).

We need not determine whether "land use planning and development services" properly fall under chapter 60.48 (engineering services). As indicated previously, appellants have failed to properly assert their claim of lien under that chapter.

■ Although most of the services performed by appel-

lants were not properly asserted under chapter 60.48, it is possible that some of them might have been properly lienable under RCW 60.04.010, *et seq.* However, the attorney for appellants informed the trial court that there was no way to segregate the lienable from the nonlienable items. When items are commingled in such a manner that one is unable to determine with certainty what are and what are not lienable, then the entire lien is of no effect. *Gilbert Hunt Co. v. Parry*, 59 Wash. 646, 110 P. 541 (1910).

The trial court is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied August 30, 1972.