[No. 17848–2–I.   Division One.   April 13, 1987.]

CH2M HILL, INC., *Appellant,* v. GREG BOGART & COMPANY, INC., ET AL, *Defendants,* WASHINGTON MUTUAL SAVINGS BANK, ET AL, *Respondents.*

*Dale R. Ulin, Paul G. Winter,* and *Ulin, Dann, Elston & Lambe,* for appellant.

*Rodney P. Harmon,* for respondents.

DORE, J.*—CH2M Hill, Inc., appeals the summary judgment dismissal of respondents from its action to foreclose an engineering lien. We hold that the engineering lien statute does not incorporate the priority provisions of the mechanics' lien statute. Therefore we affirm.

## FACTS AND PROCEDURAL BACKGROUND

CH2M Hill, Inc., commenced performing engineering work on an undeveloped parcel of land known as Lakemont Estates on March 15, 1984. On March 30, 1984 respondents acquired and recorded interests in the property: Washington Mutual Savings Bank recorded a first deed of trust for which Chicago Title Insurance Co. is the trustee; Jean Williams recorded a second deed of trust in parcel A of the property, and Barney and Elwina Rasmussen recorded a second deed of trust in parcel B. On November 9, 1984, CH2M properly filed an engineering lien.

CH2M sued to foreclose on its engineering lien and joined respondents. Washington Mutual moved for summary judgment that its interest was prior to CH2M's lien and to dismiss it and Chicago Title from the suit. The motion was joined by Williams and the Rasmussens. The trial court granted the motion, dismissing Washington Mutual, Chicago Title, Williams and the Rasmussens from the foreclosure action. CH2M then appealed to this court. Williams and the Rasmussens subsequently settled and no longer assert an interest in this suit. We affirm their dismissal.

## PRIORITY OF ENGINEERING LIEN

RCW 60.48.010 creates a lien against real property for engineering work performed on the property for the "agreed price or reasonable value" of such work. The only other section of the engineering lien chapter is the crux of

---

*Justice Fred H. Dore is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

the instant dispute, and states in full:

The liens created by this chapter shall be established by notice filed and shall be foreclosed in the manner as is now provided by law for the establishment and foreclosure of liens upon real estate for clearing, grading or otherwise improving the same [mechanics' liens].

RCW 60.48.020.

RCW 60.04.050 provides that a mechanics' lien is preferred to other liens, mortgages or incumbrances attaching after the commencement of the labor giving rise to the lien. CH2M argues that this priority section is a part of the "manner of foreclosure" of mechanics' liens, and is thus incorporated by the engineering lien statute. This interpretation would place its lien, based on work commenced prior to the recording of respondents' interests, prior to those interests. On the other hand, respondents argue that foreclosure procedures do not include rules of priority of statutory liens, and since RCW 60.48 does not state the priority of engineering liens, the common law rule of first in time, first in right governs. *See Homann v. Huber*, 38 Wn.2d 190, 197–98, 228 P.2d 466 (1951). This is an issue of first impression.

██ Many of the real estate liens created by RCW Title 60 provide that foreclosure will be in the same manner as mechanics' liens.[1] Thus, RCW 60.04 is generally incorporated by lien statutes to provide procedures for enforcement of liens against real estate. We do not believe that the Legislature intended to incorporate substantive provisions of mechanics' liens that are in derogation of the common law by its frequent reference to mechanics' lien procedures. Statutes creating liens are in derogation of the common law; as such they must be strictly construed. *Algona v. Sharp*, 30 Wn. App. 837, 843, 638 P.2d 627

---

[1]*See* RCW 60.16.020 (lien for orchard labor enforced in the same manner as provided in RCW 60.04.120); RCW 60.20.060 (lien for nursery labor enforced in same manner as mechanics' liens); RCW 60.32.040 (labor lien against franchises, same); RCW 60.34.040 (restaurant labor, same); RCW 60.76.040 (employee benefit plan lien, same).

(1982). We note also that lien statutes incorporating mechanics' lien foreclosure procedures often specifically state the priority of the lien involved. *See* RCW 60.20.050; RCW 60.32.050; RCW 60.34.050; RCW 60.76.050. This indicates that the Legislature in those instances did not consider the priority provision of RCW 60.04 to be included within foreclosure procedures, and also that when it wanted to give a lien a special priority, it knew how to do so.

CH2M argues that engineering work is similar to architectural work, and there is no policy reason to allow architects a special priority under RCW 60.04.050 and not allow engineers the same priority. However, in *Daugherty v. Gunther,* 88 Wash. 378, 379, 153 P. 336 (1915), the Washington Supreme Court distinguished architectural work that improves real property and engineering work. We note also that if the Legislature wished to include engineering liens in the mechanics' lien statute in response to *Daugherty* it could easily have done so, but instead chose to enact a distinct engineering lien statute. *Compare* Laws of 1929, ch. 230, § 1, p. 667 (adding material suppliers to mechanics' lien statute) *with* Laws of 1931, ch. 107, §§ 1–2, p. 313 (creating RCW 60.48 engineering lien).

CH2M argues that the sole reported case interpreting RCW 60.48, *Wenatchee Fed. Sav. & Loan Ass'n v. Mission Ridge Estates,* 80 Wn.2d 749, 498 P.2d 841 (1972), supports its position. The court in *Wenatchee* made reference to an engineering lienholder, not a party to the reported case, that was given priority on the trial level over a mortgage recorded after the commencement of performance of the engineering work. *Wenatchee,* at 750–51 (describing the chronology of the Delta Engineering, Inc., lien). However, there is no indication that the court considered the issue of incorporation of mechanics' lien priorities in RCW 60.48. The primary issue of *Wenatchee* was whether an engineering lien notice is sufficient if it is in the same form as a mechanics' lien notice. In holding that RCW 60.48 does not incorporate the mechanics' lien notice form, the *Wenatchee* court noted that RCW 60.04 is incorporated into RCW

60.48 for the "limited purposes set forth in RCW 60.48-.020." *Wenatchee,* at 753. Reference to the mechanics' lien statute

> is made only for (1) the specific purpose of determining the manner of establishing the lien by *filing* the notice (*i.e.* the *procedural* steps necessary to perfect the lien), and (2) for a designation of the manner in which the lien is to be *foreclosed.*

*Wenatchee,* at 753. *Wenatchee* thus holds that the term "manner" in RCW 60.48.020 refers only to procedural aspects of mechanics' liens. The priority of a lien is a substantive, rather than a procedural question.

Following the clear language of the statute, the apparent legislative intent, and guidelines of *Wenatchee,* we find that the priority provisions of RCW 60.04.050 are not incorporated by RCW 60.48.020. We affirm the court's finding that respondents' interests are prior to CH2M's engineering lien.

## ATTORNEY'S FEES

Subsequent to the filing of this appeal, the court considered Washington Mutual's motion for attorney's fees pursuant to RCW 60.04.130. The court exercised its discretion not to award any fees. Washington Mutual appealed the denial of fees, and then moved to consolidate that appeal with the instant appeal. CH2M does not contest the consolidation. We therefore consolidate the appeals.

██ Both sides argue that the attorney's fees provision for mechanics' lien foreclosures is incorporated by RCW 60.48.020. We agree.

RCW 60.04.130 gives the court discretion to grant reasonable attorney's fees to a prevailing party in a mechanics' lien foreclosure action. The trial court's grant or denial of fees will not be disturbed on appeal unless it abused its discretion. *Structurals Northwest, Ltd. v. Fifth & Park Place, Inc.,* 33 Wn. App. 710, 718, 658 P.2d 679 (1983). Washington Mutual does not allege an abuse of discretion. We accordingly affirm the court's denial of fees in this case

of first impression.

■ Washington Mutual argues that even if we affirm the trial court's denial of fees, we may award fees on appeal under RAP 18.1. However, RCW 60.04.130 provides that the trial court retains jurisdiction over awards of attorney's fees on appeal, as well as the trial level. *Haugen v. Raupach,* 43 Wn.2d 147, 152, 260 P.2d 340 (1953).

The Washington Supreme Court has held that the Court of Appeals has inherent jurisdiction to fix the amount of attorney's fees on appeal under RCW 60.04.130. *Rosellini v. Banchero,* 83 Wn.2d 268, 275, 517 P.2d 955 (1974). However, reviewing courts have set the amount of attorney's fees on appeal only after the trial court had made an initial determination to grant fees under RCW 60.04.130. *Rosellini,* at 274–75; *Brandt v. Impero,* 1 Wn. App. 678, 463 P.2d 197 (1969); *Irwin Concrete, Inc. v. Sun Coast Properties, Inc.,* 33 Wn. App. 190, 200–01, 653 P.2d 1331 (1982). Because Washington Mutual did not prevail on its motion for attorney's fees at the trial level, we do not award fees incurred in this appeal.

CONCLUSION

RCW 60.48.020 does not incorporate the priority provisions of RCW 60.04.050. We affirm the dismissal of Washington Mutual and Chicago Trust from the foreclosure action. We affirm the court's denial of attorney's fees.

HOLMAN, J. Pro Tem., concurs.

SCHOLFIELD, C.J. (concurring in part, dissenting in part)—I concur in the result reached by the majority opinion, but respectfully dissent from the holding that the attorney's fee provisions of RCW 60.04.130 (mechanics' liens) are incorporated by RCW 60.48.020 (engineers' liens).

The Legislature has on numerous occasions established various liens under RCW Title 60 and provided that they be foreclosed in the same manner as mechanics' liens and then has proceeded to enact a separate provision for costs and attorney's fees.

RCW 60.20.060 provides for foreclosure of liens for labor performed and material provided for improving property with nursery stock "in the same manner as mechanics' and materialmen's liens are now foreclosed and enforced." In the same section, the Legislature provided that "the court shall allow as part of the costs therein the money paid for making, filing and recording such claim of lien and a reasonable attorney's fee."

RCW 60.22.010, enacted in 1961, authorizes a lien for furnishing fertilizers, pesticides and weed killers. RCW 60.22.020 requires that the claim of lien "shall be in substance in accordance with the provisions governing mechanics' liens in chapter 60.04 RCW, and foreclosed in the same manner as such liens, and such lien shall attach as of the date of such filing." RCW 60.22.030 provides for the award of costs and a reasonable attorney's fee in an action to foreclose fertilizer liens.

RCW 60.34.040 provides for enforcing liens of restaurant, hotel, tavern, etc., employees "within the same time and in the same manner as mechanics' liens are foreclosed". The section then grants the court discretion to allow as part of the costs of the action a reasonable attorney's fee.

RCW 60.76.010 authorizes a lien of employees for contributions to benefit plans. RCW 60.76.040 provides that the employee's lien

> may be enforced within the same time and in the same manner as mechanics' liens are foreclosed when said lien is upon real property, or within the same time and in the same manner as chattel liens are enforced when the lien is upon personal property.

Section .040 also provides:

> The court may allow, as part of the costs of the action, the moneys paid for filing or recording the claim, a reasonable attorney's fee in the superior court, court of appeals, and supreme court, and court costs.

RCW 60.48.020, applying to engineers' liens, contains no reference of any kind to attorney's fees. The action of the Legislature in expressly providing for attorney's fees in

those cases where it also provided that the various liens could be foreclosed in the same manner as mechanics' liens makes it clear to me that the Legislature does not consider a provision allowing foreclosure in the same manner as a mechanics' lien to include the attorney's fee provision of RCW 60.04.130. Legislative actions have been consistent in this respect. To now hold that a provision that a lien could be foreclosed in the same manner as mechanics' liens automatically incorporated the attorney's fee provision of RCW 60.04.130 is inconsistent with the legislative scheme clearly illustrated in the statutes authorizing and providing enforcement of the various liens cited above.

I therefore respectfully dissent from that portion of the opinion which appears to hold that the attorney's fee provisions of RCW 60.04.130 are incorporated by RCW 60.48-.020.

Review denied by Supreme Court July 1, 1987.