[No. 10816-3-III. Division Three. August 1, 1991.]

CUSTOM TRACK, INC., ET AL, *Respondents,* v. VULCAN MINING, INC., ET AL, *Defendants,* VULCAN MOUNTAIN, INC., ET AL, *Appellants.*

*William D. Hyslop, Linda Tompkins,* and *Lukins & Annis,* for appellants.

*Lawrence C. Smith* and *Smith Law Firm,* for respondents.

GREEN, C.J. — This action arises out of work performed by Custom Track, Inc., for Vulcan Mountain, Inc., on Vulcan Mountain's mining claims.[1] A bench trial resulted in a judgment in favor of Custom Track in the amount of $320,099.80. Vulcan Mountain appeals contending the court erred when it found the amount claimed was not barred by Custom Track's failure to register as a contractor. We find no error and affirm.

In 1987 Chester Leeson, owner and sole stockholder of Custom Track, was engaged in a rock crushing business in Elk, Washington. Vulcan Mountain had been operating an open pit gold mine in Ferry County for several years.

In June of that year, Vulcan Mountain agreed to purchase a rock crushing plant from Custom Track. The parties agreed the plant would be paid for by applying 90 percent of the net smelter returns to the purchase price and cost of repairs. Pursuant to their agreement, Custom Track moved the crushing plant to the mining site and

---

[1]Other parties to the action and appeal are Allen and Emily Herdrick who owned and leased unpatented mining claims to Vulcan Mountain, and Gold Express Corporation, which purchased several of Vulcan Mountain's assets, including its mining claims (collectively hereinafter Vulcan Mountain). Other parties to the original action were dismissed with prejudice.

assembled it. Sometime thereafter, Vulcan Mountain asked Custom Track to become involved in the mining operation. Custom Track agreed. It constructed a machine shop, worked on the PVC leaching system, and by mid-August began drilling, blasting and excavating. Vulcan Mountain hauled the rock to the crushing plant where Custom Track crushed it and placed it on a leach pad. The gold was then extracted into unrefined gold bars.

As the work progressed, Custom Track provided additional equipment, labor and materials which were to be paid for by apportioning the net smelter returns. Although never articulated by the parties, the original agreement by Vulcan Mountain to purchase the crushing plant was eventually abandoned. In November Vulcan Mountain ordered the work stopped and Custom Track removed its crushing plant, equipment, and supplies. When the parties were unable to agree on the amount owed Custom Track, it brought this action to recover the value of its labor and materials expended on the project.

Vulcan Mountain pleaded and argued again at trial that Custom Track was precluded from a recovery because it was not a registered contractor under RCW 18.27.080. The court found Custom Track was exempt from registration under this statute. The court also found an implied contract whereby Custom Track agreed to supply equipment, labor, materials and supplies to be paid for by apportioning the smelter returns. The court awarded Custom Track a net judgment for $320,099.80 and granted a lien against Vulcan Mountain's mining claims. This appeal followed.

The sole issue is whether Custom Track is precluded from recovery because it was not registered under RCW 18.27, the contractor registration act.

■ RCW 18.27.010 defines contractor, in pertinent part, as

any person, firm or corporation who . . . in the pursuit of an independent business undertakes to . . . construct, alter,

repair, add to, subtract from, improve, move, wreck or demolish, for another, any building, highway, road, railroad, excavation or other structure, project, development, or improvement attached to real estate or to do any part thereof . . ..

A contractor who is required to register and fails to do so prior to performing the work is precluded from bringing an action for the collection of compensation. RCW 18.27.080. The purpose of the act is to prevent the victimizing of a defenseless public by unreliable, fraudulent and incompetent contractors by requiring the contractor to secure a surety bond and insurance and register with the State. *Murphy v. Campbell Inv. Co.*, 79 Wn.2d 417, 421-22, 486 P.2d 1080 (1971).

Here, the transaction began as a purchase by Vulcan Mountain of the crushing plant from Custom Track. The terms of the sale *required* Custom Track to operate the plant and the purchase price was to be paid for by applying 90 percent of the net smelter returns. At some point not disclosed by the record, that agreement was abandoned and the sale agreement evolved into an agreement whereby Custom Track, at Vulcan Mountain's behest, would continue crushing rock based on a percentage return of the net smelting profits — in the nature of a joint venture.

■ The contractor registration act was not designed to apply to these circumstances. Vulcan Mountain is not a defenseless victim in need of protection. To permit Vulcan Mountain to use the statute as a shield is contrary to the intent of the legislation, our courts' interpretation of it, and would not serve the purposes of the act.

Finally, Custom Track requests attorney fees on appeal pursuant to the lien statute and RAP 18.1.

■ In a lien foreclosure action, if the prevailing party is not successful on its motion for attorney fees at the trial level, they may not be awarded on appeal unless the appellate court finds an abuse of discretion. *CH2M Hill,*

*Inc. v. Greg Bogart & Co.*, 47 Wn. App. 414, 418-19, 735 P.2d 1330, *review denied*, 108 Wn.2d 1023 (1987). Here, Custom Track's request for attorney fees was denied at trial. Since Custom Track does not contend the trial court abused its discretion, attorney fees may not be awarded on appeal.

Affirmed.

THOMPSON and SHIELDS, JJ., concur.

Review denied at 117 Wn.2d 1029 (1991).