[Nos. 12259-0-III; 12266-2-III. Division Three. May 6, 1993.]

SCHUMACHER PAINTING CO., *Appellant*, v. FIRST UNION MANAGEMENT, INC., ET AL, *Respondents*.

*John S. Moore* and *Velikanje, Moore & Shore Inc. P.S.; Douglas A. Wilson,* for appellant.

*Timothy J. Carlson* and *Halverson & Applegate, P.S.,* for respondents.

SWEENEY, J. — Schumacher Painting Co. appeals the summary dismissal of its lien foreclosure claim contending the trial court erred in (1) refusing to dismiss a challenge to the court's jurisdiction, (2) dismissing the claim, and (3) granting judgment for attorney fees and costs. We affirm the summary judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

First National Theatres, Inc. (FNT) owned the Valley Mall real property in Union Gap. First Union Real Estate Equity and Mortgage Investments Trust (Trust) owned all improvements on the property. Trust leased the real property on April 30, 1980. Trust then net leased Valley Mall to First

Union Management, Inc. (First Union), who in turn leased to mall tenants.

In June 1988, Chinook Construction, Inc., contracted with Trust to construct improvements at the mall. Chinook subcontracted with Schumacher Painting Co. The subcontract erroneously identified First Union as the owner, but it also incorporated by reference the main contract which correctly identified Trust as the property owner. Schumacher certified it had read the main contract. Schumacher asserts however that First Union held itself out as the property owner both in transactions with Schumacher and with the public. Schumacher completed the painting between June 9 and November 17, 1988, and claimed payment due in the amount of $31,216.62. Trust paid Chinook, but Chinook failed to pay Schumacher.

On December 6, 1988, Schumacher filed a notice of claim of lien naming First Union as the property owner, although FNT was the record property owner at that time. On May 15, 1989, FNT quitclaimed the property to Trust.

On July 31, 1989, Schumacher filed and served a complaint to foreclose on the lien naming First Union. First Union answered and affirmatively averred lack of jurisdiction over the person and subject matter, insufficiency of process, and failure to join an indispensable party.

First Union moved to strike the lien and dismiss the cause of action asserting that the claim of lien was not verified nor was the property owner properly designated. In its motion, First Union denied owning the real property.

On June 15, 1990, the court granted the motion dismissing Schumacher's cause of action to foreclose its materialmen's lien, but granted Schumacher's motion to amend its complaint to add Trust to the breach of contract action.[1] On June 15, Schumacher filed a second amended complaint naming Trust as a party. Schumacher also appealed the judgment on the pleadings to this court.

---

[1] The record reveals that the breach of contract claim was later waived by Schumacher.

On April 9, 1991, this court in an unpublished opinion reversed the court's grant of summary judgment holding that the notice of lien claim, without the required verification, substantially complied with former RCW 60.04.060.[2] We also ruled that Schumacher could amend its claim of lien to add the verification and the lien as amended would relate back.

On October 10, 1991, First Union and Trust answered Schumacher's second amended complaint, alleging insufficient service of process on Trust, lack of subject matter jurisdiction because the lien had not been properly filed and served, and that Schumacher's claim was time barred. Concurrently, they moved for dismissal pursuant to CR 12 or for summary judgment, CR 56.

The court first granted First Union and Trust's motions for dismissal and summary judgment. On February 4, 1992, following a series of motions for reconsideration, the trial court reviewed the entire record and dismissed Schumacher's claim for lien foreclosure. It held that Schumacher's amended complaint adding Trust would not relate back because the delay in joining Trust was the result of inexcusable neglect. The trial court entered a judgment against Schumacher for First Union's and Trust's attorney fees and costs in the amount of $41,365.20. Schumacher appeals.[3]

Schumacher contends First Union and Trust waived their right to challenge jurisdiction or should be estopped from doing so because: (1) neither First Union nor Trust objected to the joinder of Trust, (2) counsel for First Union and Trust accepted service of the amended complaint, and (3) neither challenged the service during the first appeal.

■ Challenges to jurisdiction over the person must be raised by motion prior to answering a complaint, or asserted affirmatively in the responsive pleadings. CR 12(b), (h). Both

---

[2]*Schumacher Painting Co. v. First Union Mgt., Inc.*, noted at 60 Wn. App. 1071 (1991).

[3]Because we affirm the court's decision, we do not address respondents' cross appeal.

First Union and Trust raised the jurisdiction issue in their respective answers at the first opportunity. There is no rule that by accepting service of pleadings an attorney waives his client's defenses to allegations made in those pleadings. *See* CR 12(h); *French v. Gabriel*, 116 Wn.2d 584, 588-89, 806 P.2d 1234 (1991). Here, the issue raised in the first appeal was limited to the validity of the claim of lien, absent a verification. The issue regarding jurisdiction was not addressed.[4] Both First Union and the later joined Trust, therefore, had a right to assert the issue of lack of jurisdiction in their respective responsive pleadings and argue dismissal of Schumacher's complaint following our decision in the first appeal.

 First Union and Trust moved for dismissal pursuant to CR 12 or CR 56. The court considered matters outside the pleadings. We therefore treat the dismissal as a summary judgment. In reviewing a summary judgment ruling, we engage in the same inquiry as the trial court, considering all facts and reasonable inferences which can be drawn from those facts in the light most favorable to the nonmoving party. CR 56(c); *Taggart v. State*, 118 Wn.2d 195, 199, 822 P.2d 243 (1992); *Hartley v. American Contract Bridge League*, 61 Wn. App. 600, 603, 812 P.2d 109, *review denied*, 117 Wn.2d 1027 (1991). The moving party has the burden of establishing the absence of any issue of material fact. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 395, 823 P.2d 499 (1992).

### NECESSARY PARTY

Schumacher contends that Trust was not a necessary party and that naming the reputed owner, First Union, satisfied the notice requirements of former RCW 60.04.100.

 Mechanics' and materialmen's liens are creatures of statute, in derogation of common law, and therefore must be strictly construed. *Dean v. McFarland*, 81 Wn.2d 215, 219-20, 500 P.2d 1244, 74 A.L.R.3d 378 (1972); *Town Concrete*

---

[4]The issue was raised by motion before the trial court but was not briefed or argued. It did not form the basis for the court's dismissal. The record is unclear why it was not addressed. A more appropriate procedure would have been for the trial court to address the jurisdictional issue first.

*Pipe of Wash., Inc. v. Redford*, 43 Wn. App. 493, 497, 717 P.2d 1384 (1986). Schumacher must strictly comply with the statute. *Pacific Erectors, Inc. v. Gall Landau Young Constr. Co.*, 62 Wn. App. 158, 168, 813 P.2d 1243 (1991), *review denied*, 118 Wn.2d 1015 (1992).

A *claim of lien* must be filed within 90 days of completion of the work and may name the reputed owner of the property. Former RCW 60.04.060.[5] Here, the claim of lien was timely filed against the reputed owner of the property, First Union.

An *action to foreclose* on a lien will be timely commenced if: (1) a summons and complaint are filed in court within 8 calendar months after the claim of lien has been filed; and (2) service of the complaint is made on all necessary parties within 90 days of the filing of the complaint. Former RCW 60.04.100.[6] Schumacher timely filed a summons and complaint, but failed to serve the complaint on Trust within 90 days.

■ Although statutes do not define the term necessary party, it is clear that the property owner is a necessary party. *MB Constr. Co. v. O'Brien Commerce Ctr. Assocs.*, 63 Wn. App. 151, 156, 816 P.2d 1274 (1991) (citing *Davis v.*

---

[5]The Legislature repealed and recodified numerous provisions of the lien statute by Laws of 1991, ch. 281. RCW 60.04.060 was repealed and replaced by RCW 60.04.091. RCW 60.04.100 was repealed and replaced by RCW 60.04.141. The changes apply to improvements commenced by a potential lien claimant on or after June 1, 1992. RCW 60.04.902. The improvements by Schumacher were commenced June 9, 1988, so the prior statutes are applicable.

Such claim shall state . . . the name of the owner, or reputed owner if known, and if not known, that fact shall be mentioned . . .; and such claim of lien may be amended in case of action brought to foreclose the same, by order of the court, as pleadings may be, insofar as the interests of third parties shall not be affected by such amendment.

Former RCW 60.04.060.

[6]"[A]n action to enforce such lien shall not be timely commenced unless the filing of summons and complaint . . . shall be made prior to the expiration of the eight month period, and service of the summons and complaint shall be made upon all necessary parties personally, or by commencement of service by publication, not later than ninety days after the filing of the summons and complaint." Former RCW 60.04.100.

*Bartz*, 65 Wash. 395, 400, 118 P. 334 (1911)); *Pacific Erectors*, at 165; 1A B. Barker & I. Scharf, Wash. Prac., *Methods of Practice* § 35.9, at 276 (3d ed. 1989).[7]

■ Schumacher argues that service on the reputed owner, First Union, is sufficient. We disagree. Authority to name the *reputed owner* is limited to the filing of the notice of claim of lien which must be done within a short period of time in order to preserve lien rights (90 days). Former RCW 60.04.060. The lien claimant has 8 months to file the foreclosure action and 90 days to serve all necessary parties. Ample time is afforded to conduct a title search to determine the identity of the property owner. Because Trust is the property owner, it was a necessary party. It was not served until well after the statutory time period had passed. Schumacher did not comply with the notice requirements of former RCW 60.04.100. The lien therefore expired and the foreclosure action is void. Dismissal is appropriate. *Pacific Erectors*, at 165; *Queen Anne Painting Co. v. Olney & Assocs., Inc.*, 57 Wn. App. 389, 393, 396, 788 P.2d 580 (1990); *Kinskie v. Capstin*, 44 Wn. App. 462, 466, 722 P.2d 876 (1986).

RELATION BACK

■ Schumacher argues, however, that any requirement to serve Trust was satisfied by the amendment adding Trust as a party defendant pursuant to CR 15(c). We disagree. Lien foreclosures are special proceedings and therefore general civil rules are not applicable. CR 81;[8] *Pacific Erectors*, at 165; *Queen Anne Painting*, at 395.

■ The trial court erroneously concluded that CR 15(c) was applicable and found that the amendment adding Trust

---

[7]When the Legislature repealed former RCW 60.04.100 and replaced it with RCW 60.04.141, the reference to the need to serve "necessary parties" was removed and language requiring that the "owner of the subject property" be served was inserted. Thus, the current statute specifically states what the case law had determined to be the intent of the prior statute.

[8]CR 81(a) provides:
"Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules."

would not relate back because of inexcusable neglect. It therefore dismissed the case. Although the dismissal was correct, the proper ground for dismissal was Schumacher's failure to comply with the statutory service requirements of former RCW 60.04.100. We, however, can affirm on any grounds established by the pleadings and supported by the proof. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989).

Schumacher contends that the amendment provision of former RCW 60.04.060 would be meaningless unless interpreted to permit the addition of property owners after expiration of the time for commencing the lien foreclosure action. Former RCW 60.04.060 allows amendments to the *claim of lien* to rectify problems like the one presented in the first appeal in this case — a required verification is not attached. It does not relieve the lien claimant of the statutorily mandated service requirements.

## ATTORNEY FEES

Schumacher contends the trial court erred in awarding attorney fees and expenses which included the first appeal. We review a trial court's award of attorney fees for an abuse of discretion. *See Winans v. W.A.S., Inc.*, 52 Wn. App. 89, 101, 758 P.2d 503 (1988), *aff'd*, 112 Wn.2d 529, 772 P.2d 1001 (1989); *Modern Builders, Inc. v. Manke*, 27 Wn. App. 86, 96, 615 P.2d 1332, *review denied*, 94 Wn.2d 1023 (1980). The lien statute authorizes an award of attorney fees. Former RCW 60.04.130.[9] The prevailing party is the party who has an affirmative judgment rendered in his favor at the conclusion of the *entire case*. *Moritzky v. Heberlein*, 40 Wn. App. 181, 183, 697 P.2d 1023 (1985). The trial court

[9]Former RCW 60.04.130 (repealed by Laws of 1991, ch. 281, § 31, and replaced by RCW 60.04.181, enacted by Laws of 1991, ch. 281, § 18) is applicable in this case, as the new statute applies to an "improvement commenced by a potential lien claimant on or after June 1, 1992 . . .". RCW 60.04.902.

Former RCW 60.04.130(5) reads in relevant part: "The court may allow to the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for filing or recording the claim, and a reasonable attorney's fee in the superior court, court of appeals, and supreme court."

granted First Union's and Trust's motion to dismiss the lien foreclosure action. They are therefore the prevailing parties.

Statutory attorney fees awarded to a prevailing party should not be denied or reduced when the party was not successful on only one of several related claims. *Winans*, at 101; *Hensley v. Eckerhart*, 461 U.S. 424, 440, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983). Reductions in fees are appropriate only when the fees are unreasonable because they were generated by claims that were distinct in all respects from successful claims. *Hensley*, 461 U.S. at 440. First Union was unsuccessful in an appeal regarding proper verification of the notice of claim of lien. But that claim was related to the lien foreclosure action on which it prevailed. The court did not abuse its discretion in the award of attorney fees to First Union and Trust.

First Union and Trust request attorney fees on appeal. The trial court has discretion to award reasonable attorney fees both at the trial level and in the Court of Appeals. Former RCW 60.04.130; *CH2M Hill, Inc. v. Greg Bogart & Co.*, 47 Wn. App. 414, 419, 735 P.2d 1330, *review denied*, 108 Wn.2d 1023 (1987); *see also West v. Jarvi*, 44 Wn.2d 241, 251, 266 P.2d 1040 (1954) (right of trial court to fix attorney fees on an appeal of a lien foreclosure is not open to question); *Haugen v. Raupach*, 43 Wn.2d 147, 152, 260 P.2d 340 (1953) (trial court retains jurisdiction to award attorney fees on appeal in lien foreclosure action). We remand to the trial court for an award of fees on appeal. *Gannon v. Emtman*, 66 Wn.2d 755, 761, 405 P.2d 254 (1965); *West*, at 251; *Haugen*, at 152.

The judgment of the trial court is affirmed. The case is remanded for an award of attorney fees.

SHIELDS, C.J., and MUNSON, J., concur.

Review denied at 122 Wn.2d 1013 (1993).