[No. 422. Decided June 15, 1892.]

H. NELSON AND C. SWANSON, *Appellants,* v. THOMAS CLERF, FRANK KLEINSMIDT AND THE WEST SIDE IRRIGATING COMPANY, *Respondents.*

MECHANICS' LIENS—IRRIGATING DITCH—OWNERSHIP OF LAND.

A mechanic's lien cannot be enforced against an irrigating company for the construction of its ditch unless it appears that the company owns or has an interest in the land through which the ditch is constructed.

*Appeal from Superior Court Kittitas County.*

Action by Nelson & Swanson, against Clerf, Kleinsmidt and the West Side Irrigating Company to fore-

close a laborers' lien upon a ditch belonging to the irrigating company.

*Pruyn & Ready,* for appellant.
*Austin Mires,* for respondent.

The opinion of the court was delivered by

STILES, J.—The principal defendant below, the West Side Irrigating Company, employed Clerf & Kleinsmidt to excavate an irrigating ditch twelve miles long over the lands of various owners. Clerf & Kleinsmidt sub-let to plaintiffs two miles of the work. Plaintiffs claimed performance of their sub-contract, and filed a mechanic's lien upon the ditch, which they sought to foreclose by this action. The superior court dismissed the action for failure to show ownership or interest in the land over which the line of the ditch lay. All that appeared upon these points was, that the irrigating company owned the ditch and had possession of the land it was being built upon without objections from the owners.

A ditch dug upon land either for the irrigation or the drainage of that land would be an "improvement" which would subject it to a lien for the cost of the ditch, and an extension of the ditch over other lands, which would be an appurtenance to the dominant tract, would pass with it upon a sale. Perhaps work upon such an extension at the instance of the owner of the land to be benefited, or of someone having an interest therein, would support a lien on the land, or such interest as the constructor of the ditch might have in it. But in this case the most that is claimed is, that the irrigating company owned the ditch, viz., the depression left in a third person's land after the work was finished, and which, for aught that appears, had no beneficial connection with that land whatever. This kind of property does not seem to have been included in

the contemplation of the legislature as the subject of a lien, although " ditch " is enumerated as one of the structures for labor upon which a lien may be maintained in connection with the land on which it is built, as against the land owner.

Judgment affirmed.

ANDERS, C. J., and HOYT, SCOTT and DUNBAR, JJ., concur.