[No. 16323.  *En Banc.*  December 12, 1921.]

OLAF OLSON, *Respondent,* v. BUSY BEE MINING AND DEVELOPMENT COMPANY, *Appellant.*[1]

MINES AND MINERALS (20)—MECHANICS' LIENS (24)—RIGHT TO LIEN—OWNERSHIP AND CONSENT BY OWNER—STATUTES.  One employed to construct a tunnel in a mining claim cannot enforce a lien for his labor, as authorized by Rem. Code, § 1129, where the tunnel is driven upon the property. of another than his employer.

MECHANICS' LIENS (26)—CONSENT OF OWNER—LESSEE AS AGENT OF OWNER.  Conceding, without deciding, that the lessee of a mining claim is the statutory agent of the owner, the lessee would have no authority under the mechanics' lien law to procure one to furnish, labor or material on the land of a stranger.

SAME (24, 28)—CONSENT OF OWNER—CONTRACT WITH LESSEE—ESTOPPEL.  The owner of a mining claim is not estopped to deny the right of one employed by the lessee to drive a tunnel to assert a mechanics' lien on the property, though having knowledge the work was in progress, where the owner did not know at what angle or in what direction it would be constructed, nor that it would be driven on the land of another.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered June 21, 1920, in

[1]Reported in 202 Pac. 246.

favor of the plaintiff, in an action to forclose a mechanics' lien, tried to the court.  Reversed.

*Preble, McAulay & Meigs,* for appellant.
*Parker, LaBerge & Parker,* for respondent.

MITCHELL, J.—The Busy Bee Mining and Development Company, a corporation, is the owner of eighty acres of coal-bearing lands in Kittitas county.  One slope, about six hundred feet in length, had been driven down, tapping a vein from which a small amount of coal had been taken out.  On October 8, 1917, the owner, in writing, let the premises for a term ending on or before March 29, 1931, to William J. Gallaher and Gardner J. Gwinn, to be operated as a coal mine.  On February 16, 1918, the lessees, by a written instrument, assigned their interests under the lease to Gwinn and Gallaher, a corporation, that commenced and thereafter operated the mine.  On August 30, 1918, Gwinn and Gallaher, a corporation, entered into a written contract with Olaf Olson by which the latter agreed to drive a six-by-six tunnel or air slope from the bottom of the mine at a point to be directed by Gwinn and Gallaher, incorporated, pursuant to which Olson commenced the performance of the work on September 13, 1918, and continued thereat until December 7, 1918.  The air slope was not completed for the reason that about December 7, 1918, Gwinn and Gallaher, a corporation, became and continued to be insolvent and were placed in the hands of a receiver, and all mining operations were closed.  Olson, not having been paid for his labor, duly filed and had recorded his notice of claim of mechanics' lien on the eighty acres.  This action was brought to foreclose the lien.  There was judgment for the plaintiff, from which the defendant, the owner of the property, has appealed.

A number of assignments of error have been presented and elaborately argued. With one exception, we find it unnecessary to discuss them. In all other respects we may assume, without deciding, that, under the particulars of this case, the respondent would be entitled to judgment. The one feature of the case fatal to the right of the respondent to recover is that the air slope or tunnel as constructed, or rather to the extent it has been constructed, is almost wholly upon property that does not belong to the appellant, the owner of which other property has in no way given his consent, nor indeed does it appear that he was aware that the tunnel had been constructed upon his property.

The statute, § 1129, Rem. Code (P. C. § 9705), provides: "Every person performing labor upon . . . . the construction, alteration or repair of any mining claim . . . has a lien upon the same for the labor performed . . . ." The whole theory of the statute in providing that the claim of a mechanic may be made to attach to the land is based on the equity of paying for work on the land that benefits it. It contemplates the appropriation and use by the landowner of the mechanic's labor upon the land of the owner. The statute says so in positive terms. It says that every person performing labor *upon* any mining claim, etc., has a lien, and here the evidence fails to show if the small portion of the air slope or tunnel as constructed that is upon appellant's property can be made of any benefit to it.

Respondent attempts to meet the situation by contending that he knew nothing about the boundary lines and that he constructed the tunnel at the place and as directed by the lessee, who was the statutory agent of the appellant. If it be admitted that in this

case the lessee was the statutory agent of the owner of the fee, under the mechanics' lien law (which we do not decide), there is nothing in the statute that even attempts to authorize a lessee, or any one on behalf of the owner, to procure one to furnish labor or to furnish material on the land of a stranger.

It is further argued by the respondent that the officers of the appellant were at the mine during the performance of the work, and that the appellant is therefore estopped from denying the effectiveness of the lien.   The facts relied on are:  (1) an officer of the appellant was at the mine, so respondent says, just as he "was going to start getting the machinery ready", and wanted to know how long respondent thought it would take to construct the tunnel; (2) two officers of the appellant corporation were at the mine a few days before respondent quit work, to collect royalties as to which the operators were delinquent, and the respondent mentioned the fact that he was engaged in making the air slope or tunnel; and (3) some time about, possibly before, the date of the contract with the respondent, Mr. Gwinn of the lessee corporation claims to have talked with the president of the appellant, not at the mine, about the construction of the tunnel.   This latter is denied by the president of the appellant, who testified that the conversation was only with reference to requested changes in the lease.   It is certain, however, that there is no proof appellant was ever advised of the terms of the contract of the lessee with the respondent as to the location of the air slope, or otherwise, or that it ever knew at what angle or direction the air slope would be constructed, or that it, or any part of it, would be driven in the land of another.

Respondent's claim is based upon work performed under and according to a contract with a party other

than the appellant. He was carrying out that contract as directed by the party with whom he had made it. He was in no way misled or influenced by the conduct of the appellant, which, through its officers, was neither made aware of nor had it any reason to know or believe that the work being done by the respondent was or was intended to be located almost entirely upon the property of a third person.

We conclude the respondent is not entitled to recover. The judgment is reversed with directions to dismiss the action.

PARKER, C. J., HOVEY, FULLERTON, MAIN, TOLMAN, BRIDGES, and MACKINTOSH, JJ., concur.