[No. 10303–2–I.   Division One.   May 31, 1983.]

NORTHLAKE CONCRETE PRODUCTS, INC., *Appellant,* v. MARKE WYLIE, ET AL, *Respondents.*

*Fox & Adams* and *Christopher Fox,* for appellant.
*Gerald M. Hahn* and *Charles Watts,* for respondents.

CALLOW, J.—Northlake Concrete Products (Northlake) appeals from an order which denied its motion for summary judgment for foreclosure of its lien and partially granted Rolf Preuss' and his wife's (Preuss) summary judgment motion declaring the lien invalid.

Three issues are presented:

1. Whether Northlake may enforce a lien under RCW 60.04.040 for the labor and materials used by Northlake in the construction of a side sewer.

2. Whether the lien for materials may be enforced when the notice required by RCW 60.04.020 was not given.

3. Whether Northlake may enforce a labor and materials lien on the Preuss property, under RCW 60.04.010, for work not performed on the property but done for its benefit.

On August 28, 1978, Preuss, an architect, contracted with Wylie Construction Company (Wylie) to build a house for him in Seattle. On June 29, 1979, Wylie subcontracted with Northlake to connect a side sewer from Preuss' house to the City of Seattle sewer main which runs under the adjacent public street. Northlake completed the work and filed a single lien on September 11, 1979 for $8,510.53 plus prejudgment interest, costs, and attorney's fees against the Preuss property. The $8,510.53 included labor and materials expended outside of the boundaries of the Preuss property under the public roadway as well as that attributable to work performed within the lot lines. The lien stated in pertinent part:

NOTICE OF CLAIM OF LIEN

NOTICE IS HEREBY GIVEN that on the 29th day of June, 1979, at the request of Mark Wylie, Wylie Construction commenced to perform labor, or to furnish material, or to supply equipment, to be used upon side sewer located at 7320–56th Ave. N.E. in Seattle, Washington, and described as Lot 18, Block 4, Westhaven Division # 2 of which property the owner, or reputed owner, is Preuss, the performance of which labor, or the furnishing of which materials, or the supplying of which equipment, ceased on the 5th day of July, 1979; that said labor, material, or equipment was of the value ($8,510.53) eight

thousand five hundred ten and 53/100 Dollars, for which labor, material, or equipment, the undersigned claims a lien upon the property herein described for the sum of ($8,510.53) together with prejudgement interest, filing costs for completion of lien and reasonable attorney's fees.

[Roger Thompson] Claimant
Northlake Concrete Products, Inc.

Northlake filed suit within 8 months of the filing of the lien seeking a judgment against Wylie and foreclosure of its lien. Preuss moved for summary judgment declaring the lien invalid. Northlake moved for summary judgment asserting that the lien was valid and that only the lien amount needed to be established at trial. The trial court declared the lien invalid except as to any labor actually performed within the boundaries of the Preuss property and denied Northlake's motion.

The first issue is whether Northlake may enforce its lien under RCW 60.04.040 for the labor and materials used by Northlake in the construction of a side sewer.

RCW 60.04.040 provides as follows:

> Any person who, at the request of the owner of any real property, or his agent, clears, grades, fills in or otherwise improves the same, . . . and every person who, at the request of the owner of any real property, or his agents, . . . furnishes materials, . . . for clearing, grading, filling in, or otherwise improving any real property . . . has a lien upon such real property for the labor performed, . . . the materials furnished, or the equipment supplied for such purposes.

Rights arising as part of a materialmen's lien are created by statute and are to be strictly construed. The statute will not be extended for the benefit of those who do not come clearly within its terms. *Dean v. McFarland,* 81 Wn.2d 215, 219–20, 500 P.2d 1244 (1972). The burden of establishing the right to a lien rests upon the person claiming it. *Westinghouse Elec. Supply Co. v. Hawthorne,* 21 Wn.2d 74, 77, 150 P.2d 55 (1944).

Northlake argues that the construction of a sewer involves "otherwise improving" the property within the

meaning of the statute. In RCW 60.04.040, the general term "otherwise improving" is restricted or modified in application by the words "clearing, grading, filling in". As stated in *Dean v. McFarland, supra* at 221:

> The *ejusdem generis* rule requires that general terms appearing in a statute in connection with specific terms are to be given meaning and effect only to the extent that the general terms suggest items similar to those designated by the specific terms. In short, specific terms modify or restrict the application of general terms where both are used in sequence. *King County Water Dist. 68 v. Tax Comm'n,* 58 Wn.2d 282, 286, 362 P.2d 244 (1961); *State v. Thompson,* 38 Wn.2d 774, 777, 232 P.2d 87 (1951).

The words, "clearing, grading, filling in," do not clearly include the construction of a side sewer. The trial court correctly held as a matter of law that Northlake may not assert a lien under RCW 60.04.040.

The second issue is whether Northlake may enforce a lien for materials where it has failed to give the notice required by RCW 60.04.020.

RCW 60.04.020 provides as follows:

> Every person, firm or corporation furnishing materials or supplies or renting, leasing or otherwise supplying equipment, to be used in the construction, alteration or repair of any . . . building . . . ditch, dyke, flume, tunnel, . . . aqueduct to create hydraulic power, . . . or any other structure, . . . shall give to the owner or reputed owner of the property on, upon or about which such materials or supplies or equipment is and/or were used, a notice in writing, which notice shall cover the material, supplies or equipment furnished or leased during the sixty days preceding the giving of such notice as well as all subsequent materials, supplies or equipment furnished or leased, stating in substance and effect that such person, firm or corporation is and/or has furnished materials and supplies, or equipment for use thereon, with the name of the contractor or agent ordering the same, and that a lien may be claimed for all materials and supplies, or equipment furnished by such person, firm or corporation for use thereon, which notice shall be given by (1) mailing the same by registered or certified mail in an envelope addressed to the owner or reputed owner at his

place of residence or reputed residence, or (2) by serving the same personally upon the owner or reputed owner and obtaining evidence of such service in the form of a receipt or other acknowledgment signed by such owner or reputed owner: *Provided, however,* That with respect to materials or supplies or equipment used in construction, alteration or repair of any single family residence or garage such notice must be given not later than ten days after the date of the first delivery of such materials or supplies or equipment. No materialmen's lien shall be enforced unless the provisions of this section have been complied with: *Provided,* That in the event the notice required by this section is not given within the time specified by this section, any lien or claim of lien shall be enforceable only for materials and supplies or equipment delivered subsequent to such notice being given to the owner or reputed owner, and such lien or claim of lien shall be secondary to any lien or claim of lien established where such notice was given within the time limits prescribed by this section.

Northlake makes no claim that notice has been given to Preuss. However, it claims that Wylie's actions in ordering materials and observing Northlake's work on Preuss' sewer and another project down the street from the Preuss lot should be attributed to Preuss to provide actual notice. Notice to an owner who directly orders the materials is not required. *Hayes v. Gwinn,* 49 Wn.2d 908, 307 P.2d 1063 (1957). Northlake proposes that the *Hayes* exception, which excuses lack of notice to an owner who orders the materials, should be extended to the situation in which the owner has actual notice of the materials being used. Thus, Northlake argues that lack of notice here will not defeat enforcement of its lien. Alternatively, Northlake claims that no notice was required here since Preuss was told by Wylie of Northlake's work and Preuss actually observed some of Northlake's work.

Here the materials were not sold directly to the owner but were purchased and installed by the subcontractor. The trial court was correct in its denial of a materialmen's lien. *Hayes v. Gwinn, supra,* and cases cited therein.

The third issue is whether Northlake may enforce a labor and materials lien on the Preuss property under RCW 60.04.010 for work not done on the property, but done specifically to benefit the Preuss property.

RCW 60.04.010, the applicable statute, provides as follows:

> Every person performing labor upon, furnishing material, or renting, leasing or otherwise supplying equipment, to be used in the construction, alteration, or repair of any . . . building, . . . ditch, dyke, flume, tunnel, . . . aqueduct to create hydraulic power or any other structure . . ., has a lien upon the same for the labor performed, . . . material furnished, or equipment supplied by each, respectively, whether performed, furnished, or supplied at the instance of the owner of the property subject to the lien or his agent; and every registered or licensed contractor, registered or licensed subcontractor, architect, or person having charge, of the construction, alteration or repair of any property subject to the lien as aforesaid, shall be held to be the agent of the owner for the purposes of the establishment of the lien created by this chapter . . . Contractors or subcontractors required to be registered under chapter 18.27 RCW or licensed under chapter 19.28 RCW shall be deemed the agents of the owner for the purposes of establishing the lien created by this chapter only if so registered or licensed. Persons dealing with contractors or subcontractors may rely, for the purposes of this section, upon a certificate of registration issued pursuant to chapter 18.27 RCW or license issued pursuant to chapter 19.28 RCW covering the period when the work or material shall be furnished, and lien rights shall not be lost by suspension or revocation of registration or license without their knowledge.

■ RCW 60.04.010, most recently amended in 1975, still speaks of ditches, dykes, flumes and tunnels as it did over 100 years ago. Following the ejusdem generis rule previously discussed, we hold that when RCW 60.04.010 alludes to "or any other structure" it refers back to those similar conduits of water and includes therein sewer lines and side sewers. Therefore the subcontractor could file a lien for the performance of labor actually performed in constructing a

side sewer on the property.

The question remains as to whether work performed off the property on a sewer connection which is attached to a house and which directly benefits the property is lienable under RCW 60.04.010.

*Olson v. Busy Bee Mining & Dev. Co.*, 118 Wash. 24, 202 P. 246 (1921) denied a lien by the driller of an airshaft on the ground that the shaft, as constructed, was almost entirely on the property of another and therefore not within the "performing labor upon" language of Rem. Rev. Stat. § 1129, the predecessor to RCW 60.04.010. That statute is almost identical to the present statute. However, the *Olson* court specifically found that "the evidence fails to show if the small portion of the air slope or tunnel as constructed that is upon appellant's property can be made of any benefit to it." *Olson v. Busy Bee*, at 26.

In the present case the benefit to Preuss' house is undenied. Without the sewer construction the house is not habitable. The modern rule, albeit formulated under a variety of statutory schemes, is that sewer connections performed off the property are lienable.

> A mechanic's lien may attach to property for an improvement not placed thereon, but having a physical or beneficial connection therewith. Construction which is essential to the convenient and comfortable use of the premises is held to constitute improvements on city lots and "appurtenances" to them although outside their physical boundaries. Thus liens have been allowed on property for pipes laid in the street for water or gas mains, or for sewers; on a pumping plant for piping laid in the streets and connected therewith; on a refrigerating plant for pipes laid in the street to supply vapor for cold storage to customers at a distance; and for sidewalks and street paving, irrespective of whether the fee of the street is in the owner of the abutting lot.

(Footnotes omitted.) 53 Am. Jur. 2d *Mechanics' Liens* § 85 (1970). *Accord, J.R. Christ Constr. Co. v. Willete Assocs.*, 47 N.J. 473, 221 A.2d 538 (1966); *Bradwood Realty, Inc. v.*

*Transit Paving, Inc.,* 43 Misc. 2d 374, 251 N.Y.S.2d 315 (1964). *See also Nelson v. Clerf,* 4 Wash. 405, 30 P. 716 (1892).

The mandate of the Legislature in enacting the original lien statutes was that "the lien laws shall be liberally construed with the view to effecting their object." *De Gooyer v. Northwest Trust & State Bank,* 130 Wash. 652, 653, 228 P. 835 (1924). Taken with the strict construction mandated by case law, the phrase has been interpreted to mean that "when it has been determined that persons come within the operation of the act it will be liberally applied to them." *De Gooyer,* at 653.

Northlake, as a subcontractor performing necessary work on a house in attaching a plumbing connection, falls within the class of those protected by the statute. Indeed, Northlake's lien for connective work actually performed on the property was not declared invalid by the trial court. It would make the rule of strict construction absurd to say that work done on a continuous sewer pipe is lienable only to the property limits when work done to that point without more would be useless.

We recognize that the mere fact that an owner's property is benefited by labor performed or materials furnished will not make the property lienable. *W.T. Watts, Inc. v. Sherrer,* 89 Wn.2d 245, 248, 571 P.2d 203 (1977). Where the contracting party does not own the fee, another's interest in the property will be subject to a mechanic's or materialmen's lien only if the contracting party acts as his agent. *W.T. Watts,* at 249. Here, Wylie clearly acted as Preuss' agent when he contracted with Northlake for the sewer connection. Northlake is entitled to its lien under RCW 60.04.010 for labor performed on the real property of Preuss and to and including all labor performed to connect the side sewer to the main where it runs under the public street.

The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for trial on the issue of the value of the labor performed and for the dispo-

sition of the other claims of the lien claimant consistent herewith.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied September 2, 1983.