[No. 21577-2-II.   Division Two.   June 5, 1998.]

TPST SOIL RECYCLERS OF WASHINGTON, INC., *Appellant*, v. W.F. ANDERSON CONSTRUCTION, INC., ET AL., *Respondents*.

*Arnold B. Robbins* of *Breskin & Robbins*, for appellant.

*Gerald A. Reitsch* of *Klingberg & Reitsch*, for respondents.

HOUGHTON, C.J. — Anderson Petroleum, Inc., a contractor, hired TPST Soil Recyclers to remove and dispose of contaminated soil found on the site of John and Mary Noble's gas station. TPST removed the soil and recorded a mechanic's lien against the Noble's real property for the outstanding invoice balance. The trial court granted summary judgment dismissing the lien and TPST appeals. We affirm.

## FACTS

The facts are not disputed. John and Mary Noble (the Nobles) own a grocery store and gas station in Kelso. The Nobles contracted with Anderson Petroleum, Inc. (Anderson) to remove and replace the fuel storage tanks on the

property. During this process, contaminated soil was discovered.

Anderson contacted TPST Soil Recyclers (TPST) about hauling and disposing of the contaminated soil. Anderson accepted TPST's bid and TPST hired a trucking company to haul the soil to TPST's treatment facility. TPST paid the trucking company in full. TPST then submitted its invoice for $40,125.22 to Anderson.

When the balance was not paid, TPST recorded a statutory notice of lien and later filed a lawsuit against Anderson, its surety and the Nobles. The trial court ruled that TPST's claims were not subject to the lien laws and entered a summary judgment dismissing the claims.[1] TPST appeals.

## ANALYSIS

In this case of first impression, TPST contends that the removal, treatment and disposition of contaminated soil from real property constitutes an improvement under RCW 60.04.011(5), therefore rendering the property subject to a mechanic's lien under RCW 60.04.021.

RCW 60.04.021 authorizes certain liens and states, in pertinent part:

> any person furnishing labor, professional services, materials, or equipment for the improvement of real property shall have a lien upon the improvement for the contract price of labor, professional services, materials, or equipment furnished at the instance of the owner, or the agent or construction agent of the owner.

According to RCW 60.04.011(5):

> "Improvement" means: (a) Constructing, altering, repairing, remodeling, demolishing, clearing, grading, or filling in, of, to, or upon any real property or street or road in front of or adjoining the same . . . .

■ Statutory liens are in derogation of common law and

---

[1]At the time the summary judgment motion was filed, Anderson had paid TPST $35,000.

must be strictly construed to determine whether the lien attaches. *Pinebrook Homeowners Assoc. v. Owen*, 48 Wn. App. 424, 428, 739 P.2d 110, *review denied*, 109 Wn.2d 1009 (1987). Statutory benefits are extended only to those who clearly come within the statute's terms. *Dean v. McFarland*, 81 Wn.2d, 215, 220, 500 P.2d 1244 (1972).[2]

There are no Washington cases that address whether soil removal is an improvement. Thus, we look to other jurisdictions for guidance.

In *Haz-Mat Response, Inc., v. Certified Waste Servs. Ltd.*, 259 Kan. 166, 910 P.2d 839, 846 (1996), the Kansas State Supreme Court held that removal of 500,000 pounds of hazardous waste located in four storage tanks did not subject the property to a lien. The *Haz-Mat* court reasoned that the removal was not part of an overall plan to improve the property, and therefore was not subject to KAN. STAT. ANN. § 60-1101.[3] The Kansas mechanic's lien statute does not define the phrase "improvement of real property," but citing to BLACK'S LAW DICTIONARY and prior case law, the court held that the definition of "improvement of real property" must be based upon the circumstances of each case; the improvement must enhance the value, but not necessarily the selling value of the property, and the nature of the activity is not so important as the nature of overall plan to enhance the value of the real property. *Haz-Mat*, 910 P.2d at 845-46.

In *In re Finevest Foods, Inc.*, 165 B.R. 949, 954-55 (M.D. Fla. 1994), liens were filed for labor expended on soil testing and remediation work following the contractor's removal of underground storage tanks. The court determined that before the property could be subject to a lien, there

---

[2]However, once it is determined that a party is covered by the statute, the statute is liberally construed to provide security for all parties intended to be protected by it. RCW 60.04.900; *Dean*, 81 Wn.2d at 220; *Westinghouse Elec. Supply Co. v. Hawthorne*, 21 Wn.2d 74, 77, 150 P.2d 55 (1944).

[3]"Any person furnishing labor, equipment, material, or supplies used or consumed for the improvement of real property, under a contract with the owner . . . shall have a lien upon the property for the labor, equipment, material or supplies furnished, and for the cost of transporting the same." KAN. STAT. ANN. § 60-1101.

must be a connection between the labor and the erection, alteration, or repair of a building or structure.[4] Thus, although the underground tanks are structures, *removal* did not qualify as "alteration" because remediation of the soil was not connected with erection, alteration or repair of any building. *Id.* at 956.

Finally, in *Cleveland Wrecking Co. v. Central Nat'l Bank*, 216 Ill. App. 3d 279, 576 N.E.2d 1055, 1060 (1991), a subcontractor demolished structures and removed debris from a construction site. The Court of Appeals decided that removal of the debris became an integral part of structure demolition and therefore subjected the property to a lien because the lien statute covered "remov[al of] any house or other structure therefrom." *Id.* at 1061 (quoting the Mechanic's Lien Act, ch. 82, sec.1 (ILL. REV. STAT. 1981)). The court noted that the statute provided for liens where work was performed "to improve the lot . . ." and therefore a lien attached if the work performed enhanced the value of the land. *Id.* at 1060 (quoting the Mechanic's Lien Act, ch. 82, par. 1 (1981)). Distinguishing prior case law that held merely removal of debris was not basis for a lien, the court determined that demolition and removal was a basis for the lien because in the latter instance, improvement would follow new construction. *Id.* at 1061.

▇▇ Thus, in all three cases, hauling away materials alone did not subject the property to a mechanic's lien. The facts of *Haz-Mat, Finevest,* and *Cleveland* are similar to those here. The Nobles hired a contractor to remove and replace three existing underground storage tanks. The contractor hired TPST to haul away and dispose of contaminated soil.

---

[4]The South Carolina mechanic's lien statute, § 29-5-10 states in part:

(a) A person to whom a debt is due for labor performed or furnished or for materials furnished and actually used in the erection, alteration, or repair of a building or structure upon real estate . . . shall have a lien upon the building or structure . . . . As used in this section, labor performed or furnished in erection, alteration, or repair of any building or structure . . . includes . . . grading, bulldozing, leveling, excavating, and filling of land . . . .

*Finevest,* 165 B.R. at 954.

TPST merely removed debris and was not involved in an overall plan to improve the property. Construing the mechanic's lien statute strictly, it did not subject the property to a lien, and the trial court did not err in dismissing TPST's claims.

The respondents requested attorney fees and costs on appeal in their brief as required by RAP 18.1. As the prevailing party, they are entitled to attorney fees and costs, after compliance with RAP 18.1.

Affirmed.

BRIDGEWATER and HUNT, JJ., concur.