[No. 22351-5-III.   Division Three.   December 2, 2004.]

DKS CONSTRUCTION MANAGEMENT, INC., *Plaintiff*, v. REAL ESTATE IMPROVEMENT COMPANY, L.L.C., *Appellant*, SMK CONSTRUCTION CO., INC., *Respondent*.

*Saphronia R. Young*; and *Benjamin M. Schestopol* (of *Oles, Morrison, Rinker & Baker, L.L.P.*), for appellant.

*Michael S. Bissell* (of *Dunn & Black, P.S.*), for respondent.

¶1 KURTZ, J. — RCW 60.04.091 requires a lien claimant to record its notice of lien no later than 90 days after the

claimant has completed its work. SMK Construction Co., Inc., (SMK) released a mechanics' lien against property owned by Real Estate Improvement Company, L.L.C. (REICO), based upon its belief that the lien was not timely filed. Later, more than 90 days after SMK had performed work on the property, SMK reassessed its position and asked the court to retroactively reinstate its lien. The trial court granted SMK's motion and subsequently granted its motion to foreclose the mechanics' lien. On appeal, REICO challenges both the orders reinstating and foreclosing SMK's mechanics' lien. The perfection requirements of Washington's mechanics' lien statute are mandatory and cannot be waived by the court. For that reason, we hold the trial court lacked equitable power to retroactively reinstate the voluntarily-released lien. The orders reinstating the lien and granting summary judgment are reversed, and the case is remanded.

## FACTS

¶2 REICO is the owner of the Marcus Whitman Hotel and Conference Center in Walla Walla, Washington. REICO contracted with DKS Construction Management, Inc., (DKS) to renovate the hotel. DKS subcontracted with SMK to complete heating, ventilation, and air conditioning work.

¶3 SMK recorded its original mechanics' lien on REICO's property on September 17, 2001. The mechanics' lien stated that the last day of work performed was June 18, 2001. SMK thereafter amended its mechanics' lien to change the property description and the amount claimed. The amended mechanics' lien restated that the last day of work performed was June 18, 2001. In December 2001, DKS commenced its lien foreclosure action and named SMK as a defendant. In its response, SMK asked the court for an order foreclosing its lien.

¶4 During discovery, SMK decided that its mechanics' lien was not timely recorded. Accordingly, on its own initiative, SMK released its mechanics' lien on September

13, 2002. Subsequently, SMK realized that in calculating the last day that it had performed work on the project, it had failed to take into consideration the work performed by its subcontractors. After conducting further inquiry into the issue, SMK determined that the last day that its subcontractors had performed work on the project was September 5, 2001, making the lien timely. As a result, 21 days after releasing its mechanics' lien, SMK moved the court for reinstatement of its lien.

¶5 The trial court granted SMK's motion and retroactively reinstated its lien. In its ruling, the court explained that it had balanced the equitable factors of excusable negligence, good faith, prejudice, and public policy against the statutory mandates of RCW 60.04.091. The court reasoned that the equities favored reinstatement of SMK's lien. Thereafter, the court granted SMK's motion to foreclose the lien.

¶6 REICO appeals. REICO and SMK each contend it is entitled to attorney fees if it prevails on appeal.

## ANALYSIS

¶7 REICO asserts the trial court erred by reinstating SMK's voluntarily-released mechanics' lien. Essentially, REICO argues the trial court lacked equitable power to reinstate a voluntarily-released lien after the 90-day statutory period had expired. SMK contends its reinstated lien was valid because it was initially recorded during the statutory 90-day period, and reinstatement in such circumstances is an appropriate exercise of the court's equitable powers and consistent with chapter 60.04 RCW, the mechanics' lien statute. Washington case law has not previously addressed this issue.

¶8 The issue of whether SMK's reinstated lien complies with RCW 60.04.091 is a question of law which we review de novo. *Intermountain Elec., Inc. v. G-A-T Bros. Constr., Inc.*, 115 Wn. App. 384, 390, 62 P.3d 548 (2003).

¶9 Under the mechanics' lien statute, "any person furnishing labor, professional services, materials, or equipment" to improve real property can establish a mechanics' lien for his labor, services, materials, or equipment upon the property itself. RCW 60.04.021. However, to establish such a lien, the claimant is required to record a notice of claim of lien no later than 90 days after the work has been completed. RCW 60.04.091. The stated 90 days "is a period of limitation." RCW 60.04.091. As such, no action to foreclose a lien can be maintained unless the claim of lien is filed for recording within the 90-day period. RCW 60.04.091.

¶10 In reviewing a mechanics' lien courts have determined that the rights arising as part of a mechanics' lien are created by statute and are to be strictly construed. *Northlake Concrete Prods., Inc. v. Wylie*, 34 Wn. App. 810, 813, 663 P.2d 1380 (1983). As such, in order to benefit from a mechanics' lien, the complaining party's mechanics' lien must "come clearly within its terms." *Id.* (citing *Dean v. McFarland*, 81 Wn.2d 215, 219-20, 500 P.2d 1244 (1972)). Accordingly, the burden of establishing the right to a mechanics' lien rests upon the person claiming it. *Id.* (citing *Westinghouse Elec. Supply Co. v. Hawthorne*, 21 Wn.2d 74, 77, 150 P.2d 55 (1944)).

¶11 Under this framework, our courts have consistently denied relief to lienholders whose asserted mechanics' liens did not strictly come within the terms of the statute. *Wenatchee Fed. Sav. & Loan Ass'n v. Mission Ridge Estates*, 80 Wn.2d 749, 754, 498 P.2d 841 (1972); *TPST Soil Recyclers v. W.F. Anderson Constr., Inc.*, 91 Wn. App. 297, 301-02, 957 P.2d 265, 967 P.2d 1266 (1998); *Fair Price House Moving Co. v. Pacleb*, 42 Wn. App. 813, 816-17, 714 P.2d 321 (1986); *Seattle Lumber Co. v. Richardson & Elmer Co.*, 66 Wash. 671, 673-74, 120 P. 517 (1912). Indeed, we have held that mechanics' liens that were not filed within 90 days of completion of work are invalid on their face. *Intermountain Elec.*, 115 Wn. App. at 392-93.

¶12 SMK argues that equitable considerations allow the reinstatement of its lien. Specifically, it asserts that the lien should be reinstated because the lien was both valid and voluntarily released. In *Pacific Erectors, Inc. v. Gall Landau Young Construction Co.*, 62 Wn. App. 158, 162, 813 P.2d 1243 (1991), the lien claimant failed to timely serve its pleadings on other defendants, in direct reliance upon a court order that purported to waive the statutory service requirements. The lien claimant asked the court to uphold its lien based upon "equitable principles," even though it had not complied with the service requirements of the statute. The court rejected this argument, reasoning that the lien claimant should not have relied upon the erroneous court order. *Id.* at 167-68. *Pacific Erectors* holds the perfection requirements of the mechanics' lien statute are mandatory and cannot be equitably waived by the court. *Id.*

¶13 The rationale for Washington's insistence upon strict compliance with the lien statute is readily explained. Unlike mortgages and deeds of trust, a mechanics' lien is an involuntary encumbrance on the real property itself. The statute provides for a lien, even if there is no direct contractual relationship between the property owner and the lien claimant. In many instances, a property owner may be required to satisfy obligations left unpaid by the general contractor. Such was the case here. For that reason, the statutory lien is perfected only by strict compliance with the provisions of RCW 60.04.091. And, equitable remedies cannot be asserted to establish equitable relief in derogation of statutory mandates for perfection of the lien. *Paulsen v. Dep't of Soc. & Health Servs.*, 78 Wn. App. 665, 669, 898 P.2d 353 (1995) (quoting *Dep't of Labor & Indus. v. Dillon*, 28 Wn. App. 853, 855-56, 626 P.2d 1004 (1981)).

¶14 For the reasons stated in this opinion, we conclude SMK's lien was extinguished when it voluntarily and intentionally released its lien. The trial court lacked equitable power to retroactively reinstate SMK's lien. The court erred by holding otherwise. We reverse the order reinstating the lien and the order granting summary judgment.

¶15 Finally, the mechanics' lien statute provides for the recovery of attorney fees at trial and on appeal. RCW 60.04.181. "The trial court has discretion to award reasonable attorney fees both at the trial level and in the Court of Appeals." *Schumacher Painting Co. v. First Union Mgmt., Inc.*, 69 Wn. App. 693, 702, 850 P.2d 1361 (1993). REICO is entitled to an award of attorney fees at trial and on appeal. The amount of reasonable attorney fees shall be determined by the trial court upon remand.

¶16 Reversed and remanded.

SWEENEY, A.C.J., and BROWN, J., concur.

Review denied at 154 Wn.2d 1027 (2005).