**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JANUARY 11, 2024

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JANUARY 11, 2024

*E. Lennon*
ERIN L. LENNON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| VELAZQUEZ FRAMING, LLC, | ) | No. 101591-7 |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | En Banc |
| v. | ) |  |
|  | ) |  |
| CASCADIA HOMES, INC., | ) | Filed: <u>January 11, 2024</u> |
|  | ) |  |
| Respondent. | ) |  |

GONZÁLEZ, C.J. — Legislatures have long sought to balance the need to ensure that those who provide labor, professional services, equipment, or materials are paid for their work and the need to ensure that property owners have notice and the ability to avoid paying duplicative liens. In so doing, there is often a distinction drawn between those who labor and those who provide other things. Chapter 60.04 RCW strikes this balance. Chapter 60.04 RCW gives contractors the right to lien property they improve through their labor, professional services, materials, or equipment. RCW 60.04.021. Chapter 60.04 RCW specifically requires prelien notice for professional services, materials, or equipment liens. RCW 60.04.031(1). It does not say prelien notice is required for a labor lien.

In this case, a second-tier subcontractor was not paid for the work it did.  It filed a lien for labor and materials without giving prelien notice.  We must decide whether, taken as a whole, chapter 60.04 RCW requires prelien notice for labor liens.  We conclude it does not.  Accordingly, we reverse the Court of Appeals and remand for the trial court to determine the value of labor performed.

FACTS

Cascadia Homes Inc., a general contracting company, purchased real property in Lakewood, Washington to build a home on.  Cascadia had worked with High End Construction LLC before and asked it to submit a bid for framing the home.  High End successfully bid and then orally contracted with Velazquez Framing LLC to finish the framing work.  High End subcontracted the work to Velazquez Framing without informing Cascadia.

After Velazquez Framing did that work, High End billed Cascadia.  Cascadia paid High End.  High End did not pay Velazquez Framing.  Velazquez Framing contacted Cascadia directly in December 2019 about its unpaid work.

Velazquez Framing was not paid, and the next month, it filed a lien on the Lakewood property.  In its lien, Velazquez Framing asserted that it "furnished labor, professional services, materials and/or equipment to the subject property . . . at the request of Cascadia Homes, Inc."  Clerk's Papers at 56.  Velazquez Framing later explained that it provided labor, a generator, a compressor, and five boxes of

nails for the project.  Velazquez Framing mailed Cascadia a copy of the lien.

Velazquez Framing acknowledges it did not give prelien notice.  Appellant's Reply

Br. at 5-6 (Wash. Ct. App. No. 56513-7-II (2022)).

After Cascadia did not pay, and after waiting several months, Velazquez

Framing sought to foreclose on its lien.  Concluding that prelien notice was

required, the trial court dismissed the foreclosure action at summary judgment.

The Court of Appeals affirmed.  *Velazquez Framing, LLC v. Cascadia Homes,

Inc.*, 24 Wn. App. 2d 780, 521 P.3d 257 (2022).  We granted review.

ANALYSIS

We must first decide whether our lien statutes require prelien notice to lien

for labor.  This is a question of statutory interpretation we review de novo.  *Dep't

of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).  Our

objective in statutory interpretation is to identify and implement the legislature's

intent.  *Id.*  Our analysis begins with the statutory language and frequently ends

there when its meaning is plain.  *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d

131 (2010).  "In discerning the plain meaning of a provision, we consider the entire

statute in which the provision is found, as well as related statutes or other

provisions in the same act that disclose legislative intent."  *State v. Alvarado*, 164

Wn.2d 556, 562, 192 P.3d 345 (2008).  Whenever possible, we interpret the

statutory language such that "'no clause, sentence or word shall be superfluous,

3

void, or insignificant.'" *City of Seattle v. Long*, 198 Wn.2d 136, 148, 493 P.3d 94

(2021) (internal quotation marks omitted) (quoting *Kasper v. City of Edmonds*, 69

Wn.2d 799, 804, 420 P.2d 346 (1966)).

Where the statutory language is plain on its face, we give effect to that plain

language and our inquiry ends. *Gonzalez*, 168 Wn.2d at 263. Where the statutory

language is ambiguous—allowing for more than one reasonable interpretation—we

may turn to legislative history. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d

1003 (2014); *State v. Evans*, 177 Wn.2d 186, 192-93, 298 P.3d 724 (2013).

Velazquez Framing argues that the plain language of RCW 60.04.031

requires that prelien notice be provided for professional services, materials, and

equipment, but not for labor. We agree.

The legislature has given contractors a right to lien to secure payment for

their services. Specifically,

> [e]*xcept as provided in RCW 60.04.031*, any person *furnishing labor, professional services, materials, or equipment* for the improvement of real property shall have a lien upon the improvement for the contract price of labor, professional services, materials, or equipment furnished at the instance of the owner, or the agent or construction agent of the owner.

RCW 60.04.021 (emphasis added). The legislature has also required some

claimants to provide prelien notice:

> Except as otherwise provided in this section, *every person furnishing professional services, materials, or equipment* for the improvement of real property shall give the owner or reputed owner notice in writing of

> the right to claim a lien. . . . The notice may be given at any time but only protects the right to claim a lien for professional services, materials, or equipment.

RCW 60.04.031(1) (emphasis added). If a claimant required to provide prelien notice fails to do so, their lien will not be enforced. *See* RCW 60.04.031(6). But under the plain language of RCW 60.04.031(1), no prelien notice is required for labor.

Other portions of the statute bolster this conclusion. The legislature has provided a sample prelien notice form that claimants must substantially follow in cases where prelien notice is required. RCW 60.04.031(4). The form is intended, in part, to tell the owner "who is providing professional services, materials, or equipment for the improvement of [their] property and to advise [the owner] of the rights of these persons." *Id.* The form gives owners notice that claimants "have or will be providing professional services, materials, or equipment" and may claim a lien for such, but the form does not include "labor." *Id.*

Similarly, RCW 60.04.091 provides a sample claim of lien form. Unlike the sample prelien *notice* form, the lien *claim* form includes language concerning labor. RCW 60.04.091. Pertinently, this form includes the "first and last date on which the *labor*, professional services, materials, or equipment was furnished or employee benefit contributions were due." RCW 60.04.091(1)(b) (emphasis added).

5

Taken together, these provisions of chapter 60.04 RCW require prelien notice for professional services, materials, and equipment, but not for labor. The presence and absence of "labor" throughout chapter 60.04 RCW is consistent with no prelien notice for labor being required. Under RCW 60.04.021, a lien claimant is explicitly entitled to a lien for their labor. However, "labor" is noticeably absent in the prelien notice requirement statute. RCW 60.04.031(1). The plain language of RCW 60.04.031(1) instead suggests that the legislature intended to require prelien notice in a limited set of circumstances: for the provision of professional services, materials, or equipment. *Id.*

Cascadia urges us to adopt a different interpretation of the statute. Cascadia argues that unless an exception under RCW 60.04.031(2) applies, a subcontractor must provide prelien notice. We disagree. Under RCW 60.04.031(2) notice is not required by

> (a) Persons who contract directly with the owner or the owner's common law agent;
> (b) Laborers whose claim of lien is based solely on performing labor; or
> (c) Subcontractors who contract for the improvement of real property directly with the prime contractor, except as provided in subsection (3)(b) of this section.

None of these exceptions apply to the labor done by Velazquez Framing. Taken together, however, the statutes do not require prelien notice to lien for labor, either by a subcontractor that provides the labor or by the laborers themselves.

RCW 60.04.021 entitles everyone, including Velazquez Framing, to lien for their labor. Cascadia is correct that the general right to lien under RCW 60.04.021 is subject to the requirements of RCW 60.04.031. However, Cascadia's proposed reading of RCW 60.04.031(2), requiring prelien notice in all but three circumstances, violates the plain language of RCW 60.04.031(1). We hold the statutes unambiguously did not require Velazquez Framing to give prelien notice before filing a labor lien.

Even if the plain language of our lien statutes was ambiguous, legislative history leads to the same conclusion that prelien notice is not required to lien for labor. Our legislature began seriously considering changes to our lien laws in 1991. *See* LAWS OF 1991, ch. 281 (codified in RCW 19.27.095 and scattered sections of Title 60 RCW). The legislative history suggests that consumer protection concerns motivated these changes. FINAL B. REP. ON SUBSTITUTE S.B. 5497, at 1, 52d Leg., Reg. Sess. (Wash. 1991). The legislature and the attorney general received reports from homeowners about subcontractors making lien claims after the homeowners paid the general contractor. *Id.* The legislation was proposed, in part, to address this concern.

Although the legislature seemed primarily concerned with consumer protection, the legislature was responding to other concerns as well. FINAL B. REP. ON SUBSTITUTE S.B. 5497, at 1. Specifically, "construction lien laws ha[d] not

been substantially amended or modernized during [the 20th] century" and "[v]irtually all industry segments ha[d] reported problems with the current [lien] law[s]." *Id.* As a result, much of Substitute S.B. 5497 was also "concerned with simply modernizing the language of the existing law without making substantive changes" and with addressing industry concerns about the law. S.B. REP. ON SUBSTITUTE S.B. 5497, at 2, 52d Leg., Reg. Sess. (Wash. 1991).

The enacted language does not require prelien notice for labor. Legislative history in the house is consistent. A house bill report explains that under current law, "[a] notice of the right to claim a lien is required to establish a lien for material and equipment supplied for the project (not labor liens)" and that under the new notice requirements, "notice of the right to claim a lien is not required for a person supplying labor." H.B. REP. ON SUBSTITUTE S.B. 5497, at 2, 3, 52d Leg., Reg. Sess. (Wash. 1991).

A legislative memorandum concerning a public hearing on Substitute S.B. 5497 mirrors this intent. The memo provides a comparison between the prelien notice requirement in then current lien laws and Substitute S.B. 5497. H. COM. & LAB. COMM., PUB. HR'G MEM. ON SUBSTITUTE S.B. 5497, at 2, 52d Leg., Reg. Sess. (Wash. 1991). The memo explains that under the lien laws at the time, "pre-lien notice [was] required for material and equipment liens only (not labor liens)." *Id.* Under Substitute S.B. 5497, "pre-lien notice is not required for a person supplying

labor, or for a person providing professional services, materials, or equipment who contracts directly with the property owner, or for a subcontractor who contracts directly with the prime contractor." *Id.*

The robust legislative history concerning our lien laws illuminates the complexity of the legislature's intent in enacting the lien granting and prelien notice requirement statutes. We conclude that this history is consistent with the plain language of the statutes. The legislature intended to require prelien notice unless the lien was based on labor.

Because Velazquez Framing did not lien solely for labor, we must next decide whether a claimant who provides materials and equipment in addition to labor may lien for their labor despite not having provided prelien notice. We conclude they may. Although Velazquez Framing will not be able to lien for its materials and equipment, its labor lien is still enforceable.

Pre-1990s case law[1] establishes the practice of lien segregation. These cases suggest that where a claimant liens for both labor and material without providing prelien notice, the claimant may enforce that portion relating to labor so long as the court has an evidentiary basis to segregate the value of the labor from materials.

---

[1] Cascadia argues, and the Court of Appeals agreed, that this body of case law is not relevant or helpful for determining legislative intent because it predates the legislative amendments discussed above. *See Velazquez Framing*, 24 Wn. App. 2d at 790 n.5. We conclude that this case law interprets earlier lien statutes that are substantially similar in substance and form to our current lien statutes. Accordingly, this case law is relevant and helpful to the issue of lien segregation.

*See Hallett v. Phillips*, 73 Wash. 457, 464, 132 P. 51 (1913); *Culbert v. Lindvall*, 73 Wash. 643, 646, 132 P. 729 (1913); *Northlake Concrete Prods., Inc. v. Wylie*, 34 Wn. App. 810, 818-19, 663 P.2d 1380 (1983). Where a contractor liens for both labor and equipment without prelien notice, remand to determine the value of labor is usually appropriate. *See Northlake*, 34 Wn. App. at 815, 818-19.

A claimant may not maintain a lien for labor where the record does not allow the value of the labor to be determined. *See Hallett*, 73 Wash. at 464. In *Hallett*, subcontractors liened for their labor and materials without providing notice. *Id.* at 459-60, 464. This court determined that the subcontractors could not maintain a lien for their materials without providing notice. *Id.* at 464. We explained that because there was no evidence "showing what proportion of [the] claims was for material and what proportion was for labor . . . it [was] impossible to fix or award any amount for which [the subcontractors could] maintain labor liens." *Id.*

Conversely, a claimant may maintain its lien for labor where there is evidence to segregate the value of the labor from that of the materials and equipment. In *Culbert*, we concluded that a subcontractor who provided a furnace and labor could not lien for the furnace without providing notice but could lien for its labor. 73 Wash. at 645-46. We explained that the evidence "segregates the

value of the labor that went into the construction of the furnace, and for [that the subcontractor] is entitled to the foreclosure of its lien." *Id.* at 646.

We conclude that Velazquez Framing can lien for its labor so long as it can establish an evidentiary basis for segregation.

CONCLUSION

The plain language of our lien statutes does not require prelien notice to lien for labor. Legislative history supports this interpretation. Accordingly, we reverse the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion. Velazquez Framing's RAP 18.1 request for attorney fees is granted.

González, C.J.

WE CONCUR:

Johnson, J.

Gordon McCloud, J.

Madsen, J.

Yu, J.

Owens, J.

Montoya-Lewis, J.

Stephens, J.

Whitener, J.